712 So.2d 485 (1998)
STATE of Louisiana
v.
Michael FERNANDEZ.
No. 96-KK-2719.
Supreme Court of Louisiana.
April 14, 1998.
Richard P. Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Michael J. Monistere, New Orleans, for Applicant.
Keith A. Lewis, New Orleans, for Respondent.
LEMMON, Justice.[*]
This is a prosecution for armed robbery. The issue at this stage of the proceeding is whether the district judge properly suppressed a statement made to the police by defendant, who was sixteen years old at the time of the alleged crime and statement.

Facts
The police, responding to a call by the victim of an armed robbery on the street, drove through the area of the robbery with the victim in the police car. Upon prompting by the victim, the police stopped defendant, who was riding a bicycle. The victim positively identified defendant as the robber.
The police arrested defendant, advised him of the constitutional rights of a arrestee, *486 and placed him in the police car. Instructed to be certain of her identification, the victim stated she was positive. Defendant then blurted out an expression of remorse for the crime and offered to cooperate, telling the officer he would return the victim's purse, jacket and keys. The officer asked where the weapon was located, and defendant answered that he put the weapon under his house. Defendant then lead the police to the location of the gun, keys, purse and jacket. When the officer later prepared the arrest report at headquarters, he learned for the first time that defendant was a juvenile. Defendant was eventually charged with armed robbery in district court. La. Children's Code art. 857.
After a hearing on the motion to suppress, the trial judge suppressed all of the statements made by defendant, stating that the police obtained these statements in violation of the requirements of State in the Interest of Dino, 359 So.2d 586(La.), cert. denied, 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978). The judge also suppressed the evidence seized pursuant to the statements.
The court of appeal granted the prosecutor's application for review. In an unpublished opinion, the intermediate court reversed the trial court's ruling as to the spontaneous statements made by defendant before the officer questioned him about the location of the weapon. Citing State v. Burge, 362 So.2d 1371 (La.1978), the court noted that the Dino requirements are applicable only to custodial interrogation of juveniles and are inapplicable to voluntary and spontaneous statements not made in response to police questioning. However, the court affirmed the trial court's suppression of defendant's statements made after the officer's question. Rejecting the prosecutor's argument that the officer's question was merely an attempt to clarify defendant's prior statement, the court concluded that the officer was attempting to obtain additional information about the location of the gun and the stolen items, and that the Dino violation required suppression of the information and the evidence obtained as a result of the question.
On the prosecutor's application, we granted certiorari for two reasons: (1) to determine whether the Dino requirements were applicable under the circumstances of this case; and, if so, (2) to reconsider whether the admissibility of confessions by juveniles should be determined according to the standards set forth in the Dino decision or according to the totality of circumstances standard, as in the federal system and most other state courts.

Applicability of Dino
La. Const. art. I, § 13 incorporates the prophylactic rules of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), which require that a prosecutor, before using an accused's confession at trial, establish that the accused was informed of his or her rights against self-incrimination and to have an attorney present at any interrogation; that the accused fully understood the consequences of waiving those rights; and that the accused in fact voluntarily waived those rights without coercion.[1] The constitutional privilege against self-incrimination and the constitutional right to counsel apply to juveniles as well as to adults. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); State ex rel. Coco, 363 So.2d 207, 208 (La.1978) (recognizing that juveniles are entitled to same constitutional protections as adults).
In Dino, this court expanded the Miranda requirements when a juvenile is subjected to police interrogation. According to Dino, the prosecutor, in order to use a juvenile defendant's confession at trial, must affirmatively show that the juvenile engaged in a meaningful consultation with an attorney or an informed parent, guardian, or other adult interested in his or her welfare before the juvenile waived the right to counsel and the *487 privilege against self-incrimination. 359 So.2d at 594.
In the present case, the prosecutor contends that the Dino requirements do not apply under these circumstances and that the lower courts erred in suppressing the evidence. The prosecutor argues that the officer asked the question merely for clarification purposes and that the question did not rise to the level of interrogation so as to trigger the Miranda and Dino requirements. In making this argument, the prosecutor relies on State v. Lane, 414 So.2d 1223 (La. 1982), in which this court held that a police officer's question for clarification purposes did not constitute custodial interrogation that triggered the Miranda requirements. However, the Lane decision is distinguishable from this case in that the officer's questions in Lane were truly geared toward clarifying a slang statement made by the defendant in describing his actions.[2]
The question to defendant in the present case was more than a mere request for clarification. Defendant simply said he was sorry and would cooperate with the investigation by returning the victim's property. Clarification was neither required nor sought. The officer's question sought to obtain further information that defendant had not already provided. Therefore, the State's argument regarding clarification has no merit.
The officer's question was custodial interrogation. Defendant's response was only admissible if the requirements of both Miranda and Dino were met. While the officer complied with the Miranda requirements by giving defendant those warnings, the officer failed to comply with the Dino requirements. Although the officer mistakenly believed defendant was not a juvenile, the fact that defendant was almost seventeen does not dispense with the Dino requirements. If the Dino decision rendered twenty years ago is still viable, the trial judge, in following Dino's rule, correctly suppressed defendant's statements made after the officer's question, because defendant was not provided an opportunity for meaningful consultation with an interested adult before the questioning. The continuing vitality of the Dino decision is thus directly at issue.

Reconsideration of Dino
Under the federal constitution, the determination of whether a juvenile's incriminating statements are admissible, as based on a knowing and voluntary waiver of the right against self-incrimination and the right to assistance of counsel, is made on the totality of the circumstances surrounding the interrogation. Fare v. Michael C., 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979); Gallegos v. Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962). Discerning no persuasive reasons why any other approach was required, the Court in Michael C. noted that the totality of the circumstances approach mandates inquiry into all the circumstances surrounding the interrogation, including "evaluation of the juvenile's age, experience, education, background, and intelligence, and into whether he has the capacity to understand the warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights." 442 U.S. at 725, 99 S.Ct. at 2572.
The Louisiana Constitution requires no more. The confession of an accused of any age is valid only if it was given knowingly and voluntarily. The age of the accused, although an extremely important and extremely relevant factor in determining knowingness and voluntariness, is not absolutely determinative, and the rigid invalidation of an otherwise valid confession because the accused has not quite reached the age of seventeen has no federal or state constitutional basis.
The totality of the circumstances standard for admissibility of confessions of juveniles is the rule in a large majority of the other jurisdictions. 1 Wayne R. LaFave and Jerold H. Israel, Criminal Procedure § 6.9, n. *488 14.1 (1991 Supp.); 1 Randy Hertz et al., Trial Manual for Defense Attorneys in Juvenile Court § 24.14(a)(1991). This standard was also the rule in Louisiana before the Dino decision (which acknowledged the majority rule to be totality of the circumstances) promulgated per se prerequisites to the validity of waivers by juveniles,[3] despite the lack of constitutional or legislative requirements.[4]
The instant case thus presents the narrow question of whether this court should continue to impose, judicially and as an absolute matter, compliance with the Dino requirements as a prerequisite to admission of a juvenile's otherwise valid confession.
The four-to-three Dino decision, while recognizing that the majority rule was the totality of the circumstances standard, relied on three grounds to depart from that standard: (1) a perceived growing trend towards an interested adult standard; (2) empirical studies; and (3) the public policy of this state to protect juveniles. We address each of these grounds separately.

(1) Perceived Trend Towards an Interested Adult Standard
In Dino, the majority noted a "growing number" of courts moving towards an "interested adult" standard, which was the source of the Dino requirements. 359 So.2d at 593. The decision referred to a holding by the Pennsylvania Supreme Court in Commonwealth v. Smith, 472 Pa. 492, 372 A.2d 797 (1977) "that the impediment of immaturity may only be overcome where the record establishes that the youth had access to the advice of an attorney, parent or other interested adult." 359 So.2d at 593.
During the two decades since Dino was decided, Pennsylvania has gone full circle and returned to the totality of the circumstances standard. The court first shifted from a per se rule to a rebuttable presumption, Commonwealth v. Christmas, 502 Pa. 218, 465 A.2d 989 (1983), and then returned to a totality of the circumstances standard, Commonwealth v. Williams, 504 Pa. 511, 475 A.2d 1283 (1984), reasoning:
The per se ... rule, in discarding the totality of circumstances test, negated the relevance of all those factors which should be and must be considered in deciding whether a confession was knowingly and voluntarily given. Instead, a prophylactic principle was adopted and applied which shunned the real issue of the voluntariness of a confession.
. . . . .
In overruling [the per se rule], we recognized the lack of wisdom in a rule which is overly paternalistic, unnecessarily protective and sacrifices too much of the interests of justice....
. . . . .
We now reject the application of a rebuttable presumption that a juvenile is incompetent to waive his constitutional rights without first having an opportunity to consult with an interested and informed adult....
The requirements of due process are satisfied, and the protection against the use of involuntary confessions which law and reason demand is met by application of the totality of circumstances analysis to all questions involving the waiver of rights and the voluntariness of confessions made by juveniles. All of the attending facts and circumstances must be considered and weighed in determining whether a juvenile's confession was knowingly and freely given. Among those factors are the juvenile's youth, experience, comprehension, and the presence or absence of an interested adult.
475 A.2d at 1287-88. Hence, the principal authority on which the majority relied in Dino has now been overruled.

*489 (2) Empirical Studies

Another ground cited in Dino for deviating from the totality of the circumstances standard was an empirical study that established the inability of juveniles in general to knowingly and intelligently waive their constitutional rights. 359 So.2d at 593 n. 23 (citing A. Ferguson and A. Douglas, A Study of Juvenile Waiver, 7 San Diego L.Rev. 39 (1970)). The empirical evidence to date arguably continues to demonstrate that "most juvenilessimply by reason of their age and limited educationfail to comprehend the language traditionally employed in Miranda warnings and the concepts embodied in the warnings." 1 Randy Hertz et al., Trial Manual for Defense Attorneys in Juvenile Court § 24.10(b)(1991). Nonetheless, we conclude, as have the majority of other jurisdictions, that the needs of juveniles can be accommodated by the totality of the circumstances standard.[5] Indeed, we note that the special needs of juveniles in this regard are analogous to the special need of individuals with mental deficiencies which are simply factored into the totality of the circumstances. We see no reason to treat the impediments of youth any differently.

(3) The Public Policy to Protect Juveniles
The final ground cited in Dino was the general policy of Louisiana law to protect juveniles from the possible consequences of their immaturity. The treatment accorded juveniles has undergone a sharp shift in the twenty years since Dino was decided, as evidenced by the Legislature's promulgation of the Children's Code and other changes in our laws. See In re: C.B., R.B., T.C., R.C., S.C., et al., 97-2783 (La.3/11/98); 708 So.2d 391 (discussing changes in the nature of juvenile delinquency adjudications and the blurred distinction between juvenile and adult proceedings). Moreover, the two public policy references cited in Dino as examples of the general policy of protecting minors (the contractual incapacity of juveniles under former La. Civ.Code art. 1785 and the procedural incapacity of juveniles set forth in La.Code Civ. Proc. art. 4501) both are legislative decisions, while the Dino requirements are not.
On reconsideration of Dino, we conclude that the prophylactic requirements adopted in Dino, although probably serving the salutory purpose of improving police procedures during the time since their promulgation, were not constitutionally or statutorily required and were improvidently adopted by judicial decision.
Under a totality of circumstances standard, the special needs of juveniles can be accommodated in a manner that affords protection not only to juveniles, but also to the interests of society and of justice. See In the Interest of Holifield, 319 So.2d 471, 474 (La. App. 4th Cir.1975)(Lemmon, J., Concurring). Excluding an otherwise valid confession of guilt just because the accused was a few months away from achieving non-juvenile status is simply too high a price to pay for the arguable benefit of more easily administering a per se rule that neither the framers of the Constitution nor the redactors of the Code of Criminal Procedure considered necessary. A confession by a juvenile given without a knowing and voluntary waiver can be, and should be, suppressed under the totality of circumstances standard applicable to adults, supplemented by consideration of other very significant factors relevant to the juvenile status of the accused. While law enforcement officers would do well to continue to follow the Dino procedure in order to *490 insure the validity of a confession by a juvenile, a prophylactic rule imposing these requirements as an absolute standard is not appropriate.
We accordingly overrule State in the Interest of Dino, 359 So.2d 586 (La.1978), and reinstate the totality of the circumstance standard that prevailed prior to the Dino decision.
Since the trial court's decision in this case to suppress defendant's statement made in response to the officer's question was premised solely on the officer's failure to comply with the Dino requirements and since the trial court never reached the issue of whether defendant's statement was otherwise knowingly and voluntarily given, we remand the case to the trial court for reconsideration of that issue in light of the holding herein.

Decree
The decisions of the lower courts are set aside, and the case is remanded to the trial court with instructions.
JOHNSON, J., dissents and assigns reasons.
JOHNSON, Judge, dissenting.
The majority has decided to effectively overrule nearly two decades of jurisprudence and return to an antiquated standard of determining whether the rights of our juveniles are violated where a confession is made without a knowing and voluntary waiver. In my opinion, the principles established in State in the Interest of Dino, 359 So.2d 586(La.), cert. denied, 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978) clearly provide the additional protection to which minors are entitled. These principles were codified by our Legislature upon creation of the Louisiana's Children's Code. See 1991 La. Acts 235 §§ 1 to 16.
To ensure that the rights of a juvenile taken into custody were not violated, this court determined that "the general policy of our law" protects all minors from any possible consequences associated with their immaturity. Moreover, Dino states:
"Because most juveniles are not mature enough to understand their rights and are not competent to exercise them, the concepts of fundamental fairness embodied in the Declaration of Rights of our constitution require that juveniles not be permitted to waive constitutional rights on their own. For theses reasons we hold that in order for the State to meet its heavy burden of demonstrating that a waiver is made knowingly and intelligently, it must affirmatively show that the juvenile engaged in a meaningful consultation with an attorney or an informed parent, guardian, or other adult interested in his welfare before he waived his right to counsel and the privilege against self-incrimination."

See Dino, 359 So.2d at 594. [footnotes omitted].
By eliminating the prophylactic requirements adopted in Dino and holding juvenile defendants to the exact standard as adults in determining whether a confession was given without a knowing and intelligent waiver, the majority ignores the protection we have always given minors based on their immaturity. We would never evaluate a minor's age, experience, background and intelligence before deciding whether (s)he should be admitted to a bar or gambling casino. As a society, we have determined to hold the line and protect minors from the evils of gambling and purchasing alcohol until the age of 21, and from any harm associated with tobacco products until the age of 18.
Michael Fernandez would not have had the privilege to legally consume alcohol or gamble in Louisiana because he was "almost seventeen". Yet the majority will allow him to waive more fundamental rights without the presence and counsel of an attorney, parent or guardian. In light of the restrictions in situations involving rights that are less deeply-rooted than Miranda, coupled with the lack of proof that juveniles are more mature, intelligent, sophisticated or responsible, the majority's conclusions present an unwaivering conflict to which I cannot subscribe.
For the foregoing reasons, Dino should be upheld in its entirety, and I respectfully dissent.
NOTES
[*] Calogero, C.J., not on panel. Rule IV, Part 2, § 3.
[1] La. Const. art. 1, § 13 provides in part:

When any person has been arrested or detained in connection with the investigation or commission of any offense, he shall be advised fully of the reason for his arrest or detention, his right to remain silent, his right against self incrimination, his right to the assistance of counsel and, if indigent, his right to court appointed counsel.
[2] In Lane, the defendant, an adult male, was arrested for the first degree murder of a young woman. While being booked, Lane stated to the officer, "All I did was top her in the bathtub." The officer replied, "What do you mean by topping her ... did you have sex with her?" The defendant responded, "Yes." This court concluded that the officer's question was merely intended for clarification of a voluntary statement, as opposed to interrogation.
[3] The prerequisites ordained by the Dino decision were that "the juvenile actually consulted with an attorney or an adult before waiver, that the attorney or adult consulted was interested in the welfare of the juvenile, or that, if an adult other than an attorney was consulted, the adult was fully advised of the rights of the juvenile." 359 So.2d at 594.
[4] During the twenty years since the Dino decision was rendered, the Legislature has not seen fit to codify the Dino requirements.
[5] An illustrative list of factors, noted in Dino, to be considered in determining whether a juvenile has knowingly and intelligently waived the privilege against self-incrimination and the right to retained or appointed counsel includes:

"1) age of the accused; 2) education of the accused; 3) knowledge of the accused as to both the substance of the charge, if any has been filed, and the nature of his rights to consult with an attorney and remain silent; 4) whether the accused is held incommunicado or allowed to consult with relatives, friends or an attorney; 5) whether the accused was interrogated before or after formal charges had been filed; 6) methods used in interrogation; 7) length of interrogations; 8) whether vel non the accused refused to voluntarily give statements on prior occasions; and 9) whether the accused has repudiated an extra judicial statement at a later date."
359 So.2d at 591 (citing West v. United States, 399 F.2d 467 (5th Cir.1968), cert. denied, 393 U.S. 1102, 89 S.Ct. 903, 21 L.Ed.2d 795 (1969)).