| .BYRNES, Judge.
We grant the application of the State of Louisiana in order to review the suppression of the defendant’s confession by the trial judge.
The defendant, R.L., a thirteen year old minor was arrested at his home pursuant to a warrant. The defendant made a confession which the trial judge suppressed because his rights were not explained to him in language that a child of thirteen could understand and because the defendant’s mother who was present did not have a chance to speak with her son alone after the rights were read to him.
Detective Walsh who arrived on the scene shortly after the defendant was ar *963 rested testified that the defendant was taken to the station house and “[arrangements were made to take any statement from Ron Lewis in the presence of his mother and a juvenile detective, myself and Detective Pugh.” Detective Walsh testified that the defendant “was advised of his constitutional rights from the New Orleans Police Department rights of arrestee of suspect form.” The form was read to the defendant in the presence of his mother. Prior to this the defendant and phis mother had been left alone in the room for some time. They knew there were there for the purpose of making a statement. Detective Walsh testified that he had the impression at the time that both the defendant and his mother understood the “rights” form. The mother signed the form as a witness. As he read the defendant his rights from the form, Detective Walsh asked the defendant if he understood each of the rights individually, offering to explain anything the defendant did not understand. The defendant indicated that he understood.
Then I asked him if he agreed with waiving his rights to sign the form, to give a statement and he did and his mother, who was seated next to me, signed as a witness agreeing that he had been advised of his rights and that he was waiving them and she was a witness to that fact.
Detective Walsh questioned the mother as to her educational background and was told that she had some college training. Detective Walsh did not ask her what kind of college she went to.
The defendant’s statement was then taped in the presence of his mother.
The trial judge found that the “police department has failed again to follow the laws as laid out in” State in the Interest of Dino, 359 So.2d 586 (La.1978), cert. denied, 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978). Counsel for the State’s attempts to point out that Dino had been overruled were unsuccessful. See State v. Fernandez, 712 So.2d 485.
In effect, the trial judge took; judicial notice of the fact that a thirteen year old cannot understand a waiver of rights form even if he says he does, in spite of the fact that the State noted that the form commences with the right to remain silent, which right should be familiar from many television programs and movies 13that are pitched to the intellectual level of juveniles. Additionally, the trial court refused to give any weight to the presence of the defendant’s mother.
In Fernandez the Supreme Court overruled Dino and re-instituted the “totality of circumstances” test. We note that in Fernandez the juvenile was given no chance to confer with an adult or an attorney and none who had an interest in him were present when he blurted out his statement. He had been advised of only his Miranda rights upon arrest. We infer from our reading of Fernandez that those rights were not read to the Fernandez defendant in the same careful and deliberate manner as was the reading of the rights form to the defendant in the instant case.
We find that under the totality of circumstances test, that it was error for the trial court to exclude the statement made by the juvenile in the presence of his mother.
For the foregoing reasons, we grant the application of the State, reverse the judgement of the trial court. The defendant’s motion to suppress the confession is denied. The case is remanded for further proceedings consistent with this opinion.
WRIT GRANTED; JUDGEMENT REVERSED; CASE REMANDED
JONES, J., CONCURS IN PART AND DISSENTS IN PART WITH REASONS