JjBROWN, C.J.
Without the confession there is no case against this 15-year-old offender. The majority opinion is silent on the question of the admissibility of the confession. Appointed counsel did not separately assign as error the failure to suppress the statement; however, in arguing to the trial court and in brief to this court that the evidence was insufficient to convict, counsel states that “without the confession of an adolescent boy eager to get home to his family, there is no corpus delecti” Counsel further argues that the statement was improperly taken by an officer in a one-on-one interrogation without an adult or attorney being present. In State in the Interest Of Dino, 359 So.2d 586, 594 (La.1978), a prophylactic rule required that “the juvenile actually consulted with an attorney or an adult before waiver, that the attorney or adult consulted was interested in the welfare of the juvenile, or that, if an adult other than an attorney was consulted, the adult was fully advised of the rights of the juvenile.”
Reversing Dino, the supreme court in State v. Fernandez, 96-2719 (La.04/14/98), 712 So.2d 485, 487-489, stated:
The confession of an accused of any age is valid only if it was given knowingly and voluntarily. The age of the accused, although an extremely important and extremely relevant factor in determining knowingness and voluntariness, is not absolutely determinative, and the rigid invalidation of an otherwise valid confession because the accused has not quite reached the age of seventeen has no federal or state constitutional basis.
[[Image here]]
The requirements of due process are satisfied, and the protection against the use of involuntary confessions which law and reason demand is met by application of the totality of circumstances analysis to all questions involving the waiver of | ^rights and the voluntariness of confessions made by juveniles. All of the attending facts and circumstances must be considered and weighed in determining whether a juvenile’s confession was knowingly and freely given. Among those factors are the juvenile’s youth, experience, comprehension, and the presence or absence of an interested adult.
[[Image here]]
Indeed, we note that the special needs of juveniles in this regard are analogous to the special need of individuals with mental deficiencies which are simply factored into the totality of the circumstances. We see no reason to treat the impediments of youth any differently.
The supreme court, however, warned that:
While law enforcement would do well to continue to follow Dino procedure in order to insure the validity of a confession by a juvenile, a prophylactic rule imposing these requirements as an absolute standard is not appropriate. Id.
In its opinion, the trial court addressed the suppression issue first and found that the officer met with the juvenile and his mother, advised both of the Miranda *228 rights, and, after the juvenile denied culpability, the mother gave permission to the officer to speak with the juvenile alone. The trial court states that “it is apparent to the court that it was (the juvenile’s) desire to speak with the officer outside of his mother’s presence.”
I agree with the trial court that the totality of the circumstances supports the conclusion that the confession was knowingly and freely given; however, the majority’s failure to address this question in this case leaves this constitutional issue unresolved.