958 So.2d 1173 (2007)
STATE of Louisiana
v.
Anthony BELL.
No. 2007-KK-1124.
Supreme Court of Louisiana.
June 29, 2007.
*1174 PER CURIAM.
Writ granted. The trial court's ruling denying defendant's motion to suppress his recorded statement is reversed in part.
Although the interrogating officers recalled at the hearing on the motion to suppress that defendant used the tempering words, "I think," or, "maybe I should," the transcript of the audio-taped statement, which was played during the hearing, reveals that midway through the questioning, when it appeared that the police did not believe the exculpatory account he was providing them, defendant stated, "I'd rather wait until my mom get me a lawyer then. Because I'm telling you what I know, and you're trying to make me tell you other." Immediately thereafter, the police reinitiated conversation with the defendant in which the lead investigating officer urged him to refocus his attention, as he argued with the other officer present over a seemingly collateral point, and ultimately steered defendant into making additional statements about the subject matter of the investigation. Defendant finally brought the interview to an end by reiterating his desire to speak with "my lawyer," i.e., the attorney that his mother would secure for him.
The record thus shows that when defendant stated he would have his mother secure counsel for him before responding to additional police questioning, he spoke with sufficient clarity that "a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." Davis v. United States, 512 U.S. 452, 459, 114 S.Ct. 2350, 2355, 129 L.Ed.2d 362 (1994). That defendant then responded to police-initiated conversations steering him toward additional statements about the subject matter of the investigation did not diminish the clarity of that request. Smith v. Illinois, 469 U.S. 91, 99, 105 S.Ct. 490, 495, 83 L.Ed.2d 488 (1984)("[A]n accused's post-request response to further interrogation may not be used to cast retrospective doubt on the clarity of the initial request [for counsel] itself.").
Once a suspect has "expressed his desire to deal with the police only through counsel," all questioning must cease "until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378 (1981). Accordingly, *1175 the trial court's ruling is reversed to the extent that it would permit introduction at trial of the statements made by defendant in response to police-initiated questioning after he stated clearly and unequivocally that he preferred to wait for his mother to secure counsel for him. However, to the extent that the trial court properly ruled that all the statements made by defendant during the interview before he made his unequivocal request for counsel were also admissible, that part of its ruling is affirmed.
KIMBALL and KNOLL, JJ., would grant and docket.