ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.
| Petitioner, Thomas Scott Edwards, applied to sit for the Louisiana Bar Examination. On his application, petitioner disclosed arrests and citations for numerous alcohol-related criminal charges. After review of this information, the Committee on Bar Admissions (“Committee”) determined that it was appropriate to refer petitioner for a substance abuse evaluation. Following the evaluation, and petitioner’s completion of a six-week outpatient drug and alcohol treatment program, petitioner and the Committee filed a joint petition for conditional admission in this court. The parties proposed that petitioner be admitted to the bar on a conditional basis for a period of five years, subject to the requirement that he comply with all of the terms and conditions of his contract with the Lawyers Assistance Program. On June 14, 2006, we denied the petition for conditional admission on the showing made and appointed a commissioner to take evidence concerning petitioner’s character and fitness to practice law. We also authorized the Office of Disciplinary Counsel to conduct an investigation into petitioner’s qualifications to be admitted to the bar.
The commissioner conducted a character and fitness hearing in January 2007, pursuant to Supreme Court Rule XVII, § 9(B). Following the hearing, the commissioner filed his report with this court, recommending that petitioner be conditionally admitted to the practice of law. The Committee objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(B)(3).
| ¡After hearing oral argument, reviewing the evidence, and considering the law, we conclude petitioner has failed to meet his burden of proving that he has “good moral character” to be admitted to the Louisiana State Bar Association. See Supreme Court Rule XVII, § 5(E).
Accordingly, it is ordered that the application for admission be and hereby is denied.