969 So.2d 1252 (2007)
STATE of Louisiana
v.
Kurt NEHER.
No. 2007-KK-2076.
Supreme Court of Louisiana.
December 14, 2007.
In re Neher, Kurt;Defendant; Applying for Supervisory and/or Remedial Writs, Parish of West Feliciana, 20th Judicial District Court Div. B, Nos. 06-WFLN-217; to the Court of Appeal, First Circuit, No. 2007 KW 1082.
Writ denied.
CALOGERO, C.J., and WEIMER, J., would grant.
JOHNSON, J., would grant this writ application and assigns reasons.
JOHNSON, Justice, would grant this writ application and assigns reasons.
I would grant the motion to suppress the defendant's incriminatory statement. I find it troubling that Ms. Wendy Lemoine, a supervisor in child protection services employed with the Livingston Parish Office Community Services (OCS), represented this juvenile as an "interested adult" during the custodial interrogation by the West Feliciana Detectives in this Livingston Parish murder investigation. Ms. Lemoine testified that the juvenile and his grandparents were her former neighbors and friends. Ms. Lemoine stated that the juvenile contacted her and asked if he could come over and talk with her, that he just needed a place to come and *1253 talk. Ms. Lemoine testified that the juvenile and her stepson were friends, and that he occasionally spent time at her residence.
Ms. Lemoine testified that Kurt's grandmother initially called her and asked if Kurt had contacted her, to which she replied no. She stated that she later called the grandmother back to inform her that Kurt had come to the house, and that the police wanted to question him. Ms. Lemoine testified that she was asked to stand in as the OCS representative during the questioning of the juvenile. At that point, she informed the grandmother that she would accompany Kurt, due to her position with OCS to represent juveniles on occasion for questioning in lieu of a parent. Ms. Lemoine testified she did not ask the grandmother's permission to stand in as an "interested or concerned adult." She further testified that during questioning she was acting in her official capacity with OCS, and as the "interested or concerned adult" representing the juvenile's interest.
Even more disconcerting, is the fact that, during their private conversation at the police station, the juvenile stated to Ms. Lemoine "I need a lawyer." However Ms. Lemoine, the "interested adult" encouraged the juvenile to waive his right to an attorney. The following colloquy occurred between the defense counsel and Ms. Lemoine at the hearing on the motion to suppress the statement:
MR. DAMPF:
Q. Now, when you went over the form with him, or when you talked to him privately, what is the first thing Kurt told you?
MS. LEMOINE:
A. I need a lawyer.
MR. DAMPF:
Q. Okay. Now at that point, did you stop everythinh or did you start discussing with him or did you explain to him he might notell us what you did?
MS. LEMOINE:
A. I wanted to know why he said that. I told him that if he didn't have anything to do with it, he needed to cooperate, give his statement, and tell his side of the story, and cooperate with law enforcement. I felt that was the best thing for him to do.
In my mind, since this juvenile was the accused perpetrator of a crime, it was impossible for the OCS agent to act as an "interested or concerned adult" in the best interest of the child. A man cannot serve two masters. This inherent conflict cannot be ignored. Ms. Lemoine is a sworn member of law enforcement which requires her to report crime committed against children, and cooperate with solving them.
In my view, after the juvenile stated, "I need a lawyer," any further questioning by the police officers should have ceased. State v. Bell, 958 So.2d 1173 (La.2007). Once a suspect has "expressed his desire to deal with the police only through counsel," all questioning must cease "until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378 (1981).
La. Const. art. I, § 13 incorporates the prophylactic rules of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), which require that a prosecutor, before using an accused's confession at trial, establish that the accused was informed of his or her rights against self-incrimination and to have an attorney present at any interrogation; that the accused fully understood the consequences of waiving those rights; and that the accused *1254 in fact voluntarily waived those rights without coercion.[1] The constitutional privilege against self-incrimination and the constitutional right to counsel apply to juveniles as well as to adults. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); State ex rel. Coco, 363 So.2d 207, 208 (La.1978) (recognizing that juveniles are entitled to same constitutional protections as adults).
Here, we have a 16 year-old juvenile with an 8th grade education, whom Ms. Lemoine describes as developmentally and socially delayed, who was told by a person he trusted, in effect, that if he was not guilty he should cooperate with the police and waive his rights. Thus, Ms. Lemoine failed to act in the best interest of this juvenile and stop the interrogation after he requested an attorney. Ms. Lemoine testified at the hearing on the motion to suppress, "in retrospect" she may have misled the juvenile, and that she made a mistake by not stopping the questioning after the request for an attorney. Even if the OCS agent could be temporarily relieved of her oath and duty to the State, under the totality of the circumstances test set forth in State v. Fernandez, 712 So.2d 485 (La.1998), the writ in this matter should be granted.
NOTES
[1] La. Const. art. 1, § 13 provides in part:

When any person has been arrested or detained in connection with the investigation or commission of any offense, he shall be advised fully of the reason for his arrest or detention, his right to remain silent, his right against self incrimination, his right to the assistance of counsel and, if indigent, his right to court appointed counsel.