WICKER, J.,
dissents with reasons.
I respectfully dissent. The record in this case reflects that the juvenile-defendant’s stepfather was present in the home at the time of defendant’s arrest. Detective Hoffman testified that, at the time he arrested defendant at the home, he intended to take defendant’s statement. Although Detective Hoffman testified as to his reasons for not having the mother, who was also in custody, present during defendant’s interrogation, he offered no reason why the stepfather could not be present. Detective Hoffman made no efforts to speak to defendant’s stepfather, who was present at the time of defendant’s arrest.
I recognize that the Louisiana Supreme Court in State v. Fernandez, 96-2719 (La.4/14/98), 712 So.2d 485, implemented the totality of the circumstances standard in determining whether a juvenile-defendant knowingly or voluntarily waived his rights. However, in Fernandez, as well as in subsequent jurisprudence, extraneous circumstances existed to explain the officers’ lack of parental consultation.
*751 In Fernandez, the Louisiana Supreme Court found a juvenile defendant’s statement to be made knowingly and voluntarily under the totality of the circumstances standard. However, in Fernandez, the defendant, who was “almost seventeen,” had confessed in the patrol unit before arriving to headquarters and without the officer’s interrogation. Further, the officer did not learn that the defendant was a juvenile until after he had confessed. Fernandez, 712 So.2d at 488.
Likewise, in State v. Terrick, 03-515 La.App. 5 Cir. 9/30/03, 857 So.2d 1153, the interrogating officers did not discover the juvenile-defendant’s age until after his statement had been taken. In Terrick, the defendant reported being seventeen years of age and the official police records verified the defendant’s assertion. Therefore, at the time the interrogating officers questioned the defendant, they had no reason to believe that defendant was a juvenile and had no reason to inquire about or make efforts to locate a parent or guardian.
In State v. Fisher, the juvenile defendant informed officers upon his arrest that he was seventeen years old and the official police records supported the defendant’s claim. 46,997 (La.App. 2 Cir. 2/29/12), 87 So.3d 189, 192. The officers took a recorded statement from the defendant. However, the defendant’s mother soon thereafter telephoned police and informed them that the defendant was in fact sixteen years of age. Id. At that time, the officers recorded a second statement in the presence of the defendant’s mother. The trial court suppressed the defendant’s first statement, which officers took prior to his mother’s arrival. Id. at 193. The trial court, however, denied the defendant’s motion to suppress his second statement, taken in the presence of his mother. The Second Circuit Court of Appeal affirmed the trial court’s judgment. Id.
Further, in State v. Lathers, 09-20 (La.App. 5 Cir. 5/26/09), 15 So.3d 1068, this Court affirmed the trial court’s denial of the juvenile-defendant’s motion to suppress where the record showed that officers made extensive yet unsuccessful efforts to locate the juvenile’s parent or guardian. Further, the interrogating officer in Lathers testified that officers had only a six-hour time frame to process a juvenile at that time.
This Court further instructed, in State v. Lathers, that “serious efforts” must be made to ensure protection of a juvenile defendant’s rights. 15 So.3d at 1072. It is my opinion that the officers in this case made no efforts to protect this juvenile defendant and simply refused or found it unnecessary to speak to a readily available parent or guardian. Detective Hoffman testified that, at the time of defendant’s arrest at his home, Detective Hoffman knew that he would take a statement from defendant upon arrival to headquarters. Further, the record reflects that defendant’s stepfather, a parent or guardian, was readily available for consultation with arresting officers. Unlike the officers in Fernandez, Terrick, and Fisher, the officers in this case knew that defendant was a juvenile at the time of arrest and interrogation and made no efforts to allow defendant to consult with the readily available parent or guardian prior to interrogation.
The holding in this case stands for the proposition that, except in instances in which a minor is clearly incapable of understanding the nature of the proceedings against him, adult consultation is unnecessary before taking a minor’s statement. It is my opinion that the circumstances presented in the cases discussed above are distinguishable from the instant case and that the Court in Fernandez did not intend *752 for its holding to extend to the facts presented in this case.