DREW, J.
|, We now review this matter on remand from the Louisiana Supreme Court.[1]
I. CHRONOLOGY OF THE CASE
• June 13, 2013 — The defendant was convicted as charged (11-1) of possessing cocaine with intent to distribute.
• July 9, 2013 — The defendant filed a motion for post-judgment verdict of acquittal and/or new trial, which the trial court denied on that date. After the defendant waived sentencing delays, the trial court sentenced him to 25 years at hard labor, with the first two years to be served without benefit of probation, parole, or suspension of sentence. The court also imposed a fine of $5,000. In default of payment, he was required to serve 60 days in jail. The sentence was ordered to be served concurrently with any other sentence. On this same date, the state filéd a bill of information charging the defendant as á fourth-felony offender. The defendant pled not guilty.
• September 5, 2013 — The defendant appeared for the habitual offender hearing. The trial court read into the record the state’s offer: the state would amend the bill in exchange for his plea of guilty as a second-felony habitual offender. His sentence exposure *483 would be reduced from, a range of 30 years to life, to 25 years. He accepted the 25-year offer and pled' guilty in conformity therewith, acknowledging on the record that he could appeal his conviction, but not his sentence. The prior 25-year' sentence was vacated and the trial court sentenced him to 22 years at hard labor, concurrent with any other sentence and with the first two years to be served without benefits.
• October 3, 2013 — The defendant’s motion for appeal was granted.[2]
• June 25, 2014 — We rendered an opinion holding: (1) the statement was lawfully taken, with scrupulous attention paid to. the rights of.the defendant; (2) the prosecutor’s reference to the confession in opening statement was harmless error; and (3) though the evidence was Insufficient to prove constructive possession, it was not strong enough for a reasonable jury to convict on that charge, even viewing the evidence in the light most favorable to the prosecution. We remanded the case to the trial, court for sentencing for the lesser crime of possession of cocaine, pretermitting any review by this court of the defendant’s sentence on the more serious crime of conviction.
• April 17, 2015 — The Louisiana Supreme Court granted the state’s writ.
• October 14, 2015 — The Supreme Court reversed our opinion and reinstated the conviction of possession with intent to distribute, remanding the record to us for consideration of the other assignments.
II. THE CONFESSION
The defendant argues that the state failed to meet its burden to show that the statements were freely and voluntarily made because (1) he was under duress when making the. statement, while handcuffed and after 16-20 law enforcement officers forced entry into his home with weapons drawn, and (2) the officer who took the statement failed to correctly state the Miranda rights, did not obtain a signed waiver of rights, and failed to record the statement or even take notes. ‘ The officer’s report was not made until the next day and was made only from the officer’s memory of what was said.
The state argues that Agent Knox testified he read the defendant his rights, and that the defendant acknowledged that he understood them and indicated that he wanted to assist in their investigation.[3]
The trial court found the officer’s testimony credible, in particular that there was no duress, and only two officers were with the defendant while other officers were conducting the search of the residence.
|3Our law' on the review of confessions is well settled.[4]
The defendant did not file a motion to suppress the statement but did object to the trial court’s ruling finding the statement admissible. This record contains not *484 one scintilla of evidence that the confession was illegally obtained.
III. FAILURE TO GRANT MISTRIAL
The defendant argues that because the trial court erred in finding his statement was admissible, the prosecution’s reference to the statement in opening arguments was prejudicial to the defendant under La. C. Cr. P. art. 767. He further argues that he was prejudiced when the prosecution misquoted his statement by suggesting that he not only admitted selling 14 drugs but adding that he admitted to selling them from his residence. He asserts that the misstatement could have led the jury to conclude that he intended to sell the small amount of drugs found in his residence.
The state responds:
• the defendant’s statement had already been found admissible at a “free and voluntary” hearing;
• the jury was instructed that comments made during opening and closing arguments were not evidence;
• any misstatement was not made in bad faith, and was not materially different from the defendant’s actual statement to Agent Knox;
• no prejudice was shown by the defendant; and
• the remaining evidence was easily sufficient to support a conviction.
Our law in this area is clear.[5]
The trial court had already ruled that the defendant’s statement to police was admissible, so there was no error in the *485 prosecution’s reference to it. As noted in the state’s brief, the slight deviation from the defendant’s | ¡¡statement that he sold drugs, to one that he said he sold drugs “from his house,” is insignificant, given that both he and the drugs were found in the house. There is no showing of prejudice caused by the comment, as the evidence was sufficient to convict him of possession with intent to distribute even absent the statement to police.
IV. EXCESSIYENESS
The defendant’s original sentence was 25 years at hard labor, with two years to be served without benefits. He was then charged as a fourth habitual offender, which could have led to a life sentence. He pled guilty to being a second-felony offender and agreed to take a 25-year hard labor sentence. Instead, the trial court sentenced him to three years less than that to which he had agreed to serve.
The defendant now argues that his sentence is not proportionate to the crime committed and that the harm caused by his actions does not justify the sentence of 22 years at hard labor.
The state responds:
• during the habitual offender hearing, the trial court expressly advised the defendant that he would not be able to appeal his sentence, and the defendant and his lawyer acknowledged this reality;
• the actual plea bargain called for him to receive three years more than what was finally ordered by the court;
• even if the sentence were appealable, it is constitutionally appropriate based on the defendant’s three prior drug convictions, the instant conviction, and the substantial reduction in sentencing exposure he received by pleading guilty as a second-felony habitual offender, as opposed to being found guilty as a fourth-felony offender.
IflThe defendant was sentenced in conformity with the plea agreement read into the record at the time he pled guilty as a second-felony habitual offender.
Under La. C. Cr. P. art. 881.2(A)(2), and pursuant to his clear acknowledgment in court, he is not entitled to appeal his sentence. Furthermore, the sentence imposed was extremely lenient in light of his history of convictions for drug possession and distribution. This argument is without merit.
DECREE
The defendant’s conviction and sentence are AFFIRMED.

. The basic facts surrounding the crime, testimony, and relevant trial court proceedings are fully stated in our original opinion: State v. Ellis, 49,078 (La.App.2d Cir.6/25/14), 144 So.3d 1152 (2014), The Louisiana Supreme Court granted a writ and docketed at State v. Ellis, 2014-1511 (La.4/17/15), 168 So.3d 389 (2015). The Supreme Court’s reversal of this court may be found in State v. Ellis, 179 So.3d 586, 2015 WL 5972511, 2014-1511 (La.10/14/15). The record was returned to our court in January 2016.

. He alleged four errors: insufficiency; illegally taken confession; failure to grant a mistrial when the prosecutor. alluded to his confession in opening statement, and exces-siveness.

. Having had three prior felony convictions, the defendant was obviously more familiar with his Miranda rights than most people.

. Generally, for a confession to be admissible into evidence, the state must affirmatively show that it was freely and voluntarily given without influence- of fear, duress, intimidation, menace, threats, inducements, or promises. La. R.S. 15:451; State v. Anderson, 2006-2987 (La.9/9/08), 996 So.2d 973, cert. denied, 556 U.S. 1165, 129 S.Ct. 1906, 173 L.Ed.2d 1057 (2009); State v. Parker, 48,339 (La.App.2d Cir.10/9/13), 124 So.3d 516. The state must also establish that an accused was advised of his fedferat and state constitutional rights, and that he understood and knowingly *484 waived those rights. Parker, supra. Volun-tariness is determined on a case-by-case basis, under a totality of the circumstances standard. Id. A defendant’s prior experience with the criminal justice system is a factor to be considered in determining the voluntariness of a confession. State v. Green, 94-0887 (La.5/22/95), 655 So.2d 272; State v. Ashworth, 554 So.2d 271 (La.App. 3d Cir.1989), writ denied, 561 So.2d 113 (La.1990).
Testimony of the interviewing police officer alone may be sufficient to prove that the statement was given freely and voluntarily. Parker, supra; State v. Robinson, 11-12 (La.App. 5th Cir. 12/29/11), 87 So.3d 881, writ denied, 2012-0279 (La.6/3 5/12), 90 So.3d 1059. An executed waiver of rights form and a recorded statement is compelling evidence corroborating the existence of an incriminatory statement, but neither is required for inculpatory statements to be found admissible. State v. Hunt, 2009-1589 (La.12/1/09), 25 So.3d 746. In Hunt, the prosecution relied solely on the officer’s testimony for the admissibility of the defendant’s custodial statement, where there was no written waiver or recording of the defendant's incriminating statement. A waiver of rights may be inferred from the actions and words of the accused. North Carolina v. Butler, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979); State ex rel J.M. 1999-1271 (La.App. 4th Cir.6/30/99), 743 So.2d 228.
A trial court’s finding as to the free and voluntary nature of a statement carries great weight and will not be disturbed unless the evidence fails to support that determination. State v. Holmes, 2006-2988 (La.12/2/08), 5 So.3d 42, cert. denied, 558 U.S. 932, 130 S.Ct. 70, 175 L.Ed.2d 233 (2009); State v. Fisher, 46,997 (La.App.2d Cir.2/29/12), 87 So.3d 189.

. La. C. Cr. P. art. 767 provides that the state shall not, in the opening statement, advert in any way to a confession or inculpatory statement made by the defendant unless the statement has been previously ruled admissible in the case.
La. C. Cr. P. art. 771 states:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury;
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
*485 (2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.