LPER CURIAM.*
For the following reasons, we affirm relator’s conviction and sentence for possession of cocaine with intent to distribute in violation of La.R.S. 40:967(A)(1).
We agree with relator that the amount of cocaine recovered by the police from his person, a single rock weighing .07 grams, ordinarily would not support a jury’s finding of an intent to distribute. State v. Fisher, 628 So.2d 1136, 1142 (La.App. 1st Cir.1993) (possession of 20 rocks of cocaine not sufficient to support an inference of intent to distribute), writ denied, 637 So.2d 474; State v. Porter, 547 So.2d 736 (La.App. 3rd Cir.1989) (possession of 0.6 grams of cocaine did not support inference of intent to distribute). The police had seen relator discard another object during a brief struggle which accompanied his initial detention but had been unable to find it after subduing their suspect. However, in his statements to the police after his arrest, relator admitted that two other rocks of cocaine had spilled out of his pocket during a struggle with the officers and that he made his living by selling drugs. Relator denied that he intended to distribute the cocaine he had in his possession, describing it as “left over shit” that “you would probably give a geek,” an explanation consistent with the relatively small amount of cocaine involved in this case, even taking into account the two unrecovered rocks of cocaine.
| {.Nevertheless, the sequence of events leading to his arrest began with a tip by a “documented reliable informant” that relator would be leaving the area of the Morgan City Hotel on either 6th Street or Federal Avenue, on his bicycle and in possession of cocaine, and “would be attempting to make a delivery to the north end of town.” Within minutes of the tip, the police stopped relator on his bicycle on 6th Street. Counsel did not object to testimony regarding the informant’s tip, despite its hearsay character, see State v. Banks, 439 So.2d 407, 409 (La.1983), and the testimony therefore became substantive evidence for jurors to consider “to the extent of its rational persuasive power.” 1 McCormick on Evidence, § 54, p. 242 (John W. Strong ed., 5th ed.1999); see State v. Boutte, 384 So.2d 773, 776 (La.1980) (“Ordinarily, if hearsay evidence is admitted without objection, it becomes substantive evidence and may be used by the trier of fact to the extent of any probative or persuasive power that it has.”). Jurors could reasonably find from the accuracy with which the known police informant predicted relator’s immediate movements that “a person with access to ... information [about an individual’s itinerary] is likely to also have access to reliable information about that individual’s illegal activities.” Alabama v. White, 496 U.S. *324 325, 333, 110 S.Ct. 2412, 2417, 110 L.Ed.2d 301 (1990). Rational jurors could therefore infer from hearsay evidence that if the informant were correct about the other details .of his tip the informant was also correct that the cocaine relator would attempt to deliver was the unrecovered cor caine relator admitted he had had on his person and which he attempted to explain away as “left over.” Under these circumstances, we conclude that the evidence was sufficient to .support relator’s conviction of possession of cocaine with intent to distribute.
AFFIRMED.
JOHNSON, J., dissents and assigns reasons.

 Calogero, C.J., not on panel, recused. See La. S.Ct. Rule IV, Part II, § 3.