DREW, J.
L Michael Ellis was found guilty as charged of possession of cocaine with intent to distribute. The jury’s verdict was 11-1. He later pled guilty to being a second-felony habitual offender, and was sentenced as such.
He appeals on four grounds:
1. Insufficiency of the evidence;
2. Failure to grant a mistrial relative to an opening statement comment by the prosecution;[1]
8. Involuntariness of his confession;[2] and
4. Excessive sentence.[3]
We reviewed the record in the light most favorable to the prosecution. We find that no rational trier of fact could have found beyond a reasonable doubt that the defendant specifically intended to distribute the seized drugs.
FACTS
Law officers executed a search warrant at defendant’s Shreveport residence. Only the defendant and Seidah Elzie were present.
The officers seized:
• two small rocks of suspected crack cocaine and a razor blade, found on a plate in Elzie’s possession in the bathroom;
• two wads of cash, totaling $1,285;[4]
k* several small Baggies in a kitchen cabinet;
• an empty box for digital scales on the kitchen counter; and
• a piece of mail, addressed to the defendant at that location.
The Jury Trial
Lieutenant Carl Townley, with the Caddo-Shreveport narcotics unit, was accepted as an expert[5] and testified that:
*1156 • the box for digital scales found in the residence was for a type of scale commonly used to weigh illegal substances such as narcotics;
• the presence of the box for scales was inconsistent with personal use;
• he had never heard of a crack user weighing drugs bought for personal use;
• persons who purchase drugs wholesale for later distribution do weigh the drugs to verify the amount bought and amount to be resold;
• the small Baggies seized from the kitchen are called “dime Baggies” and are used to package small amounts of drugs for individual sale;
• the two rocks were worth about $5-$10 each;
• the plate with the drugs and a razor indicated that the rocks had been cut from a larger piece of cocaine and were not yet packaged for sale;
• the way that this crack was cut indicated that the drugs were for sale;
• the cash was in small denominations and “wadded up,” which is consistent with having been in someone’s pocket, which he said also suggested that the money represented proceeds from drug sales; and
• the evidence was consistent with possession with intent to distribute.
Keith Knox, the case agent, testified that:
• as soon as the house was secured; the suspects were handcuffed and separated for questioning, while other officers conducted their search;
h* he explained the Miranda[6] rights to the defendant, who seemed to understand and who voluntarily waived the rights;
• only one other officer[7] was present to hear the statement;
• the defendant admitted selling crack cocaine in small amounts;
• the defendant said he was unemployed but not for how long;
• the statement was not recorded and the officer made no notes;
• an empty box for digital scales was found on the kitchen counter;
• a box of small plastic Baggies was found in a kitchen cabinet;
• he had made thousands of arrests in 15 years as a law officer; and
• an envelope was found, addressed to the defendant at that house.
Officer John Witham testified that:
• Elzie was trying to flush two rocks and a razor blade in the toilet;
• she said the defendant told her to do it;
• chemists later identified the substance as 0.2 gram of crack cocaine;
• no digital scales were ever located; and
• no drugs were found that were already packaged for resale.
Seidah Elzie testified that:
• she was 22 and had a sexual relationship with Ellis, who was 47;
• she did not live with him but stayed at his house several days a week;
• she had been at the house since the night before;
• she was playing a video game when she saw the officers arrive;
• the defendant told her to dump the drugs into the toilet;
[[• only the razor blade fell in, just as the officers burst in the bathroom; and
*1157 • the crack cocaine belonged to the defendant.[8]
The defendant asserted his Fifth Amendment right not to testify.
In closing, the state argued that the defendant:
• was found in his home with cocaine, which he told Elzie to destroy;
• admitted he sold cocaine to support himself; and
• the razor blade, box for scales, Baggies, and wads of cash indicated that the defendant was in the business of selling drugs.
The defense responded that:
• the evidence was insufficient to establish that he was in actual or constructive possession of the drugs;
• the evidence showed that it was Elzie who possessed the drugs, as she admitted when she pled guilty to possession of the cocaine;
• the defendant’s mere presence in the house did not establish possession; and
• there was no proof of the intent to distribute, as there were no scales, no drugs packaged for resale, and only a tiny amount of drugs seized.
After the jury found him guilty, the defendant filed a motion for post-judgment verdict of acquittal and/or new trial, which was denied.
The defendant pled guilty as a second felony offender, with an agreed sentencing cap of 25 years. He confirmed a prior conviction of possession of marijuana, third offense, and acknowledged that he could appeal his conviction but not his sentence. The court accepted the plea and sentenced the defendant to 22 years at hard labor, the first two years to be served without benefit of probation, parole, or suspension of sentence, all to be | ^served concurrently with any other sentence.
DISCUSSION
I. Sufficiency
Our law on appellate assessment of sufficiency questions is clear.[9]
*1158 |fiOur jurisprudence provides guidance in assessing these .prosecutions.[10] •
*1159 17Even though the defendant admitted being a small-time drug dealer, and even though no crack pipe was found, we note that only two tiny rocks of crack cocaine were seized from his home, totaling 0.2 gram of cocaine. He never admitted intending to distribute these small, unpackaged rocks.
In State v. Butler, 1999-1794 (La.5/1/00), 760 So.2d 322, the defendant possessed only 0.07 gram of crack cocaine. The defendant admitted that two rocks of cocaine had spilled out of his pocket during his arrest. He also admitted selling drugs but claimed that the “leftover s* *t” was not intended for sale. The state also presented confirmed incriminating information from a confidential informant. These facts were held sufficient to support a verdict of guilty of possession with intent to distribute.[11]
In State v. Gordon, 93-1928 (La.App. 1st Cir.11/10/94), 646 So.2d 1005, the court upheld a conviction for possession with intent to distribute, based on only one gram (worth $80-$100) found in a film canister, and 0.10 gram (worth $20) of cocaine being found in a Baggie. The court held that the fact finder could have inferred Gordon’s intent to distribute from direct and circumstantial evidence.[12]
| sIn State v. Watson, 47,980 (La.App.2d Cir.5/15/13), 135 So.3d 693, units denied, 2013-1676 (La.2/7/14), 131 So.3d 856, and 2013-1788 (La.2/7/14), 131 So.3d 862, we found ample evidence of the intent to distribute cocaine, predicated upon somewhat *1160 stronger facts.[13]
Here, only the defendant and Elzie were home when the warrant was served. El-zie — not this defendant — was found in physical possession of the rocks, as she was trying to flush this tiny amount of drugs, valued at a combined total of $10 to $20.[14] The drugs were not packaged for distribution. The jury heard nothing about controlled buys or confidential informants. No scales were found, just a box that had contained scales.
There is no question that this defendant is an admitted drug dealer. We find, however, that this record does not contain enough evidence for a reasonable jury to conclude beyond a reasonable doubt that he possessed these rocks with the specific intent to distribute. It is quite possible that the drugs belonged to Elzie or were for personal usage.
This record does allow, however, a just verdict that the defendant constructively possessed the drugs, along with El-zie. We hereby vacate the l9verdict rendered by the jury, and replace it with a verdict of guilty of possession of cocaine, and remand for sentencing.
II. The Defendant’s Statement
The defendant argues in brief that:
• he was under duress when he incriminated himself while handcuffed;
• he had 16 to 20 armed law officers in his home at the time;
• the officer incorrectly explained his rights under Miranda;
• the officer did not obtain a signed waiver of rights and took no notes;
• the officer’s report was not made until the next day; and
• the statement was not freely and voluntarily made.
The state responds that the statement was free and voluntary.[15]
Our law relative to assessing inculpatory statements is well settled.[16]
*1161 | inThe trial court found the testimony of involved officers to be credible. The defendant presented no contrary evidence, only argument of counsel. Indeed, no motion to suppress the statement was even filed.
We do not detect any duress or threats and we find that the trial court was correct in ruling that the defendant made a free and voluntary statement after understanding and waiving his rights per Miranda.
III. Denial of Mistrial
The defendant argues that:
• the prosecution’s reference to the statement in opening arguments was prejudicial to the defendant under La. C. Cr. P. art. 767; and
• the prosecutor misquoted his statement by incorrectly adding that he not only admitted selling cocaine, but also admitted selling it at home.
The state responds that:
• the court thoroughly admonished the jury that arguments of counsel were not ■ evidence; and
• the defendant suffered no prejudice from the comment.
Our law on mistrial is clear.[17] The jury was properly admonished by |nthe trial court. We find no error in the trial court’s denial of a mistrial.,
IV. Sentencing
The defendant would not be entitled to appeal this sentence, as he clearly waived that right at sentencing.
This is a moot point, however, as we vacate the current verdict and replace it with a verdict of guilty of possession of a Schedule II drug, namely cocaine, for which he must now be sentenced.
DECREE
CONVICTION VACATED; CONVICTION OF POSSESSION OF COCAINE
*1162 ENTERED; REMANDED FOR FURTHER PROCEEDINGS.

. The motion for mistrial was cured by an appropriate admonishment to the jury.

. Defendant filed no motion to suppress the confession, leaving him with the sole argument that his confession was not free and voluntary. The evidence elicited at the pretrial hearing on this issue overwhelming demonstrated that the two law officers appropriately handled questioning of the defendant.

. Defendant’s sentencing complaints are improper, as he waived his right to appeal his sentence. More importantly, since we now vacate the guilty verdict for possession with intent to distribute cocaine, and enter a conviction for possession of cocaine, this matter must be remanded to the district court for sentencing.

. $705 was taken off the defendant and $580 was found in a back bedroom.

. Puzzlingly, Lt. Townley was tendered and accepted, without objection, as "an expert in possession with intent to distribute designating those cases as distribution cases, controlled dangerous substances.”

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694(1966).

. Agent Witham.

. She pled guilty to possession of cocaine and was placed on probation.

. The proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Tate, 2001-1658 (La.5/20/03), 851 So.2d • 921, cert, denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Cross-ley, 48,149 (La.App.2d Cir.6/26/13), 117 So.3d 585, writ denied, 2013-1798 (La.2/14/14), 132 So.3d 410. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, 2005-0477 (La.2/22/06), 922 So.2d 517; State v. Crossley, supra; State v. Dotie, 43,819 (La.App.2d Cir. 1/14/09), 1 So.3d'833, writ denied, 2009-0310 (La. 11/6/09), 21 So.3d 297. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La. 10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App.2d Cir.2/25/09), 3 So.3d 685, writ denied, 2009-0725 (La. 12/11/09), 23 So.3d 913; State v. Hill, 42,025 (La.App.2d Cir.5/9/07), 956 So.2d 758, writ denied, 2007-1209 (La. 12/14/07), 970 So.2d 529.
Direct evidence provides proof of the existence of a fact, for example, a witness’ testimony that he saw or heard something. State v. Lilly, 468 So.2d 1154 (La.1985). Circumstantial evidence provides proof of collateral *1158 facts and circumstances, from .which the existence of the main fact may be inferred according to reason and common experience. Id. The trier of fact is charged with weighing the credibility of this evidence and on review, the same standard as in Jackson v. Virginia is applied, giving great deference to the fact finder’s conclusions. State v. Hill, 47,568 (La.App.2d Cir.9/26/12), 106 So.3d 617.
When the state relies on circumstantial evidence to establish the existence of an essential element of a crime, the court must assume every fact that the evidence tends to prove and the circumstantial evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438; State v. Lilly, supra; State v. Robinson, 47,437 (La.App.2d Cir. 11/14/12), 106 So.3d 1028, writ denied, 2012-2658 (La.5/17/13), 117 So.3d 918.
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Glover, 47,311 (La.App.2d Cir.10/10/12), 106 So.3d 129, writ denied, 2012-2667 (La.5/24/13), 116 So.3d 659; State v. Speed, 43,786 (La.App.2d Cir.1/14/09), 2 So.3d 582, ' writ denied, 2009-0372 (La.l 1/6/09), 21 So.3d 299.
The trier of fact is charged to make a credibility determination and may, within the bounds of rationality, accept or reject the testimony of any witness in whole or in part; the ^reviewing court may impinge on that discretion only to the extent necessary to guarantee the fundamental due process of law. State v. Casey, 1999-0023 (La. 1/26/00), 775 So.2d 1022, cert, denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000); State v. Woodard, 47,286 (La.App.2d Cir.10/3/12), 107 So.3d 70, writ denied, 2012-2371 (La.4/26/13), 112 So.3d 837; State v. Hill, supra.

. La. R.S. 40:967(A)(1) provides that it is unlawful for anyone to produce, manufacture, distribute, or dispense or possess with intent to producé, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule II.
While it is possible to prove possession with intent to distribute even with small quantities, intent to distribute a controlled dangerous substance is a specific intent crime. State v. Credeur, 2011-234 (La.App. 3d Cir. 11/23/11), 81 So.3d 741.
Specific intent is a state of mind that may be inferred from the circumstances, of the offense or the defendant's act or failure to act, that indicate the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1); State v. Thornton, 47,598 (La.App.2d Cir.3/13/13), 111 So.3d 1130. The determination of whether the requisite intent is present in a criminal case is for the trier of fact. State v. Allen, 41,548 (La.App.2d Cir. 11/15/06), 942 So.2d 1244, writ denied, 2007-0530 (La. 12/7/07), 969 So.2d 619.
To convict a defendant of possession of a controlled dangerous substance with intent to distribute, the state must prove beyond a reasonable doubt that he knowingly or intentionally possessed the contraband and that he did so with the intent to distribute it. La. R.S. 40:967; State v. Williams, 47,574 (La.App.2d Cir. 11/14/12), 107 So.3d 763, writ denied, 2013-0079 (La.6/14/13), 118 So.3d 1080. While specific intent to distribute may be inferred from circumstantial evidence, the state must prove the amount of drugs recovered was inconsistent with personal use. State v. Moore, 48,492 (La.App.2d Cir. 11/20/13), 128 So.3d 608; State v. Credeur, supra. Intent to distribute illegal drugs may be established by proving circumstances surrounding the defendant’s possession which give rise to reasonable inferences of intent to distribute. State v. Holden, 45,038 (La.App.2d Cir.1/27/10), 30 So.3d 1053, writ denied, 2010-0491 (La.9/24/10), 45 So.3d 1072. The state need not prove the defendant actually possessed the drugs, as evidence of constructive possession is sufficient. State v. Holden, supra. Constructive possession is established by evidence that the drugs were within the defendant's dominion and control and that the defendant had knowledge of its presence. Id. Guilty knowledge is an essential element of possession and can be inferred from the circumstances. State v. Toups, 2001-1875 (La. 10/15/02), 833 So.2d 910; State v. Anderson, 36,969 (La.App.2d Cir.4/9/03), 842 So.2d 1222.
A determination of whether a defendant exercised dominion and control includes factors such as the defendant's knowledge that drugs were in the area; the defendant’s relationship with other persons found in actual possession; the defendant’s access to the area *1159 where the drugs were found; evidence of drug paraphernalia or of recent drug use; and the defendant’s physical proximity to the drugs. State v. Toüps, supra; State v. Anderson, supra; State v. Marshall, 02-1067 (La.App. 5th Cir.2/25/03), 841 So.2d 881, writ denied, 2003-0909 (La.9/26/03), 854 So.2d 345. A defendant who jointly possesses drugs with a companion and willfully and knowingly shares the right to control the drugs can have constructive possession. State v. Marshall, supra.
A defendant's confession is direct evidence, for it is an acknowledgment of guilt for which no inference need be drawn. La. R.S. 15:449; State v. Allen, supra. It is well settled that a person cannot be convicted on his confession alone, but once evidence independent of the confession confirms the crime, the confession may provide proof Uniting the accused to the crime. Id.
Five factors are used to determine whether circumstantial evidence is sufficient to prove intent to distribute a controlled dangerous substance:
(1) did the defendant distribute or attempt to distribute the drug;
(2) was the drug in a form usually associated with distribution;
(3) does the amount of drug create an inference of intent to distribute;
(4) did testimony establish that the amount of drugs found in the defendant's posses-
sion was inconsistent with personal use; and
(5)was there any other evidence of intent to distribute, such as scales or packaging materials.
State v. Cummings, 46,038 (La.App.2d Cir. 1/26/11), 57 So.3d 499, writ denied, 2011-0341 (La.6/17/11), 63 So.3d 1037. Other relevant factors considered are street value and drug dosage. State v. Stephens, 47,978 (La. App.2d Cir.5/29/13), 114 So.3d 1265, writ denied, 2013-1551 (La. 1/17/14), 130 So.3d 342. Possession by itself does not constitute intent to distribute unless the quantity is so large as to preclude any other inference. State v. Lewis, 48,373 (La.App.2d Cir.9/25/13), 125 So.3d 482.

. The jury here heard nothing about confidential informants.

. Gordon, supra, involved:
• over five times as much cocaine as in this case;
• considerably more packaging material;
• a mirror and razor blade with cocaine residue;
• $2,190 cash, all taken from Gordon's person;
• business cards with obvious drug distribution notations; and
• baking soda for diluting cocaine for street sales.

. Some of the factors in Watson, supra:
• Over 10 grams of cocaine (50 times more than here);
• Small "Apple” Baggies, containing cocaine, i.e., packaged for sale;
• Dozens of other small Baggies;
• Actual electronic scales (more than just a box); and
• a razor blade with cocaine residue.

. Elzie, a state witness, had this exchange with the prosecutor:
Prosecutor: "They looked like two $10 rocks?”
Elzie: "One $10 rock. They’re little bitty specs.”

. At a "free and voluntary” hearing, the trial court found that the statements made by this defendant were voluntary and freely made.

. Generally, for a confession to be admissible into evidence, the state must affirmatively show that it was freely and voluntarily given without influence of fear, duress, intimidation, menace, threats, inducements, or promises. La. R.S. 15:451; State v. Anderson, 2006-2987 (La.9/9/08), 996 So.2d 973, cert, denied, 556 U.S. 1165, 129 S.Ct. 1906, 173 L.Ed.2d 1057 (2009); State v. Parker, 48,339 (La.App.2d Cir. 10/9/13), 124 So.3d 516. The state must also establish that an accused was advised of his federal and state constitutional rights, and that he understood and knowingly waived those rights. Parker, supra. Volun-tariness is determined on a case-by-case basis, under a totality of the circumstances standard. Id.
A trial court’s finding as to the free and voluntary nature of a statement carries great weight and will not be disturbed unless the evidence fails to support the trial court's determination. State v. Holmes, 2006-2988 (La. 12/2/08), 5 So.3d 42, cert, denied, 558 U.S. 932, 130 S.Ct. 70, 175 L.Ed.2d 233 (2009); State v. Fisher, 46,997 (La.App.2d Cir.2/29/12), 87 So.3d 189. A defendant’s prior experience with the criminal justice system is a factor to be considered in determining the voluntariness of a confession. State v. *1161 Green, 94-0887 (La.5/22/95), 655 So.2d 272; State v. Ashworth, 554 So.2d 271 (La.App. 3d Cir.1989), writ denied, 561 So.2d 113 (La. 1990).
A waiver of rights need not be explicit but may be inferred from the actions and words of the accused. North Carolina v. Butler, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979); State v. Harvill, 403 So.2d 706 (La. 1981); State v. Taylor, 30,310 (La.App.2d Cir. 2/25/98), 709 So.2d 883; State ex reí. J.M., 99-1271, (La.App. 4th Cir.6/30/99), 743 So.2d 228. Although an express written or oral waiver of rights is strong proof of the validity of the waiver, it is not necessary to establish a waiver of rights. North Carolina, supra. The absence of a written waiver of rights would not be grounds to suppress a confession. State v. Samuels, 94-1408 (La.App. 4th Cir.6/7/95), 657 So.2d 562.

. The state shall not, in the opening statement, advert in any way to a confession or inculpatory statement made by the defendant unless the statement has been previously ruled admissible in the case. La. C. Cr. P. art. 767
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it, might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney", or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial. La. C. Cr. P. art. 771.