# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #050

FROM: CLERK OF SUPREME COURT OF LOUISIANA


The Opinions handed down on the **14th day of October, 2015**, are as follows:


**PER CURIAMS**:


2014-K -1511          STATE OF LOUISIANA v. MICHAEL D. ELLIS (Parish of Caddo)
                      (Possession of Cocaine with Intent to Distribute)

                      Accordingly, the court of appeal's decision is reversed and the
                      matter is remanded to the court of appeal for consideration of
                      the remaining assignments of error.

                      JOHNSON, C.J., dissents and assigns reasons.
                      HUGHES, J., dissents with reasons.

SUPREME COURT OF LOUISIANA

NO. 2014-K-1511

STATE OF LOUISIANA

VERSUS

MICHAEL D. ELLIS

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
SECOND CIRCUIT, PARISH OF CADDO

**PER CURIAM**:

Writ granted; reversed and remanded. Defendant was found guilty as charged by a jury of possession of cocaine with intent to distribute. By agreement with the state, defendant admitted the allegations in the habitual offender bill of information and was sentenced under La.R.S. 15:529.1(A)(1) as a second felony offender to 22 years imprisonment at hard labor with the first two years to be served without parole eligibility.

The court of appeal reversed the conviction because it found the state presented insufficient evidence to prove defendant intended to distribute the cocaine. State v. Ellis, 49,078 (La. App. 2 Cir. 6/25/14), 144 So.3d 1152. The court of appeal noted that a guest in defendant's home, rather than defendant, was found in possession of two small rocks of crack cocaine. The court of appeal acknowledged that defendant admitted to police that he sold cocaine in small quantities but nonetheless determined that a jury could not reasonably infer defendant's intent to sell those particular rocks from the evidence presented by the state. See Ellis, 49,078 at 8, 144 So.3d at 1160 ("There is no question that this defendant is an admitted drug dealer. We find, however, that this record does not contain enough evidence for a

reasonable jury to conclude beyond a reasonable doubt that he possessed these rocks with the specific intent to distribute. It is quite possible that the drugs belonged to Elzie or were for personal usage."). The court of appeal erred.

The standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), governs review of claims of insufficient evidence. Under that standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319, 99 S.Ct. at 2789. The Jackson court further stated:

> This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution. The criterion thus impinges upon "jury" discretion only to the extent necessary to guarantee the fundamental protection of due process of law.

Id. (footnotes omitted). This Court, in effectuating the Jackson standard, has found that "[w]hen a case involves circumstantial evidence, and the jury reasonably rejects the hypothesis of innocence presented by [defendant], that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt." State v. Captville, 448 So.2d 676, 680 (1984). This Court further stated "[a]n evaluation of the reasonableness of other hypotheses of innocence provides a helpful methodology for determining the existence of a reasonable doubt." Id.

2

In the present case, the court of appeal found the jury could not reasonably reject the hypothesis that the two small crack rocks were intended for personal use. However, no paraphernalia to facilitate personal use, such as a crack pipe or syringe, was found in the home. Furthermore, while the amount of drugs may be relevant in evaluating whether the defendant engaged in possession with the intent to distribute, it is not the determinative factor statutorily. Ultimately, it is the intent to distribute that must be proved regardless of the amount of drugs possessed. The court of appeal also found the jury could not reasonably reject the hypothesis that the drugs were possessed by a guest in the home rather than by defendant. However, the guest testified at trial that the drugs belonged to defendant. The Jackson standard "does not require the reviewing court to determine whether it believes the witnesses or whether it believes the evidence establishes guilt beyond a reasonable doubt." State v. Major, 03-3522, pp. 6–7 (La. 12/1/04), 888 So.2d 798, 802. "Rather, the fact finder is given much discretion in determinations of credibility and evidence, and the reviewing court will only impinge on this discretion to the extent necessary to guarantee the fundamental protection of due process of law." Id. In accepting hypotheses of innocence that were not unreasonably rejected by the jury, the court of appeal impinged on the fact finder's discretion.

Although a jury may not speculate "if the evidence is such that reasonable jurors must have a reasonable doubt," State v. Lubrano, 563 So.2d 847, 850 (La. 1990) (internal quotation marks and citations omitted), the state presented ample evidence here from which the jury could reasonably infer defendant's intent to distribute the cocaine. First and foremost, defendant admitted he sold crack cocaine in small quantities (like

3

the crack rocks found in his residence). Defendant's contention that the grammar of his admission should be finely parsed, and that he admitted only to a completed action in the past rather than an ongoing course of conduct ignores the reality of spoken communication. Furthermore, defendant, who told police he was unemployed, had $705 in his pocket and an additional $580 was found in a bedroom. In addition, an expert testified that the following are indicia of drug distribution that were found in the residence: the presence of small plastic bags of a characteristic brand, an empty box for a small digital scale, a substantial amount of money in small denomination bills that were crumpled and wadded, and two small crack rocks that were cut for resale from a larger quantity. The expert was accepted as such without objection and his testimony was unrebutted.

It is true that in the present case some of the evidence is susceptible of innocent explanation, particularly when viewed in isolation. However, under the Jackson standard, if rational triers of fact could disagree as to the interpretation of evidence, the rational fact finder's view of all of the evidence most favorable to the prosecution must be adopted. See Major, 03-3522 at p. 11, 888 So.2d at 804 (citing State v. Mussall, 523 So.2d 1305, 1310–11 (La. 1988)). Based on the evidence presented at trial as a whole, reasonable fact finders could infer that the defendant possessed the cocaine with the intent to distribute, thus rejecting the hypothesis of innocence that the drugs were intended for personal use. Accordingly, the court of appeal's decision is reversed and the matter is remanded to the court of appeal for consideration of the remaining assignments of error.

4

## SUPREME COURT OF LOUISIANA

## No. 14-K-1511

## STATE OF LOUISIANA

## VERSUS

## MICHAEL D. ELLIS

## ON WRIT OF CERTIORARI TO THE SECOND CIRCUIT COURT OF APPEAL

**JOHNSON, Chief Justice, dissents and assigns reasons.**

I find the Court of Appeal properly reversed the defendant's conviction and habitual offender sentence for possession of cocaine with intent to distribute, entering a verdict of guilty of simple possession of cocaine, and remanding for resentencing. To convict a defendant for possession of a controlled dangerous substance with intent to distribute, the state must prove beyond a reasonable doubt that the defendant knowingly or intentionally possessed the contraband, and that he did so with the specific intent to distribute it. La. R.S. 40:967; *State v. Williams*, 47, 574 (La. App. 2 Cir. 11/14/12), 107 So.3d 763, *writ denied*, 2013-0079 (La. 6/14/13), 118 So.3d 1080. Based on the record, the evidence in this case is insufficient to conclude beyond a reasonable doubt that the defendant possessed the small amount of cocaine with the intent to distribute it.

Here, the officers seized from defendant's home only two small rocks of crack cocaine, valued at a combined total of $10 to $20, and the drugs were not packaged for any type of distribution. These facts support the Court of Appeal's finding that the drugs were intended solely for personal use. See *State v. Hearold*, 603 So.2d 731, 736 (La. 1992) (one-eighth ounce or 17 to 18 hits of methamphetamine not inconsistent with personal use; circumstances did not indicate intent to distribute when "drug was found in one package rather than in a

number of smaller packages measured out in single doses.") see also *State v. Fisher*, 628 So.2d 1136, 1142 (La. App. 1 Cir. 1993) (possession of 20 rocks of cocaine not sufficient to support intent to distribute), writ denied, 94-0226 (La. 5/20/94), 637 So.2d 474; but see *State v. White*, 98-0091 (La. App. 5 Cir. 6/30/98), 715 So.2d 714 (13 rocks sufficient to prove intent to distribute) writ denied 98-2043 (La. 11/25/98), 729 So.2d 577; *State v. Stelly*, 96-1296 (La. App. 3 Cir. 4/30/97), 693 So.2d 305 (15 rocks sufficient to prove intent to distribute).

Further, the defendant and his guest Seidah Elzie were both in his Shreveport residence when officers executed the search warrant. Moreover, Seidah Elzie was found in possession of the cocaine and pled guilty to possession of cocaine, and was placed on probation. Reasonable jurors could conclude from this evidence that the drugs belonged to Elzie or were for personal usage.

SUPREME COURT OF LOUISIANA

NO. 2014-K-1511

STATE OF LOUISIANA

VERSUS

MICHEAL D. ELLIS

**HUGHES, J., dissenting.**

Respectfully, I dissent and would affirm the opinion of the court of appeal.