PER CURIAM.
11 Writ granted; reversed and remanded. Defendant was found guilty as. charged by a jury of possession of cocaine with intent to distribute. By agreement with- the state, defendant admitted the allegations in the habitual offender bill of information and was sentenced under La.R.S. 15:529.1(A)(1).as a second felony .offender to 22 years imprisonment at hard labor with the first two years to be served without parole eligibility.
The court of appeal reversed the conviction becaüse it found the state presented insufficient evidence to prove defendant intended to distribute the cocaine. State v. Ellis, 49,078 (La.App. 2 Cir. 6/25/14), 144 So.3d 1152. The court of appeal noted that a guest ih defendant’s home, rather than defendant, was found' in possession of two small rocks of crack cocaine. The court of appeal acknowledged that defendant admitted to police that he sold cocaine in small quantities but *588 nonetheless determined that a jury could not reasonably infer defendant’s intent to sell those particular rocks from the evidence presented by the state. See Ellis, 49,078 at 8, 144 So.3d at 1160 (“There is no question that .this defendant is an admitted drug dealer. We find, however, that this record does not contain enough evidence for a | {¡reasonable jury to conclude beyond a reasonable doubt that he possessed these rocks with the specific intent to distribute. It is quite possible that the drugs belonged to Elzie or were for personal usage.”). The court of appeal erred.
The standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 660 (1979), governs review of claims of insufficient evidence. Under that standard, “the relevant question is whether, 'after viewing the evidence in the light most favorable to the prosecution, arm rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson, 443 U.S. at 319, 99 S.Ct. at 2789. The Jackson court further stated:
This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to wéigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder’s role as weigher of the evidence is preserved through a legal conclusion that upon judicial review .all of the evidence is to be considered in the light most favorable to the prosecution. The criterion thus impinges upon “jury” discretion only to the extent necessary to guarantee the fundamental protection of due process of law.
Id. (footnotes- omitted). This Court, in effectuating the Jackson standard; has found that “[w]hen a case involves circumstantial evidence, and the jury reasonably rejects the hypothesis of innocence presented by [defendant], that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt." State v. Captville, 448 So.2d 676, 680 (1984). This Court further stated “[a]n evaluation of the reasonableness of other hypotheses of innocence provides a helpM methodology for determining the existence of a reasonable doubt.” Id,
lain the present case, the court of appeal found the jury could not reasonably reject the hypothesis that -the two small crack rocks were intended for -personal use. However, no paraphernalia to facilitate personal use, such as a crack pipe or syringe, was found in the home. Furthermore, while the amount of drugs may be relevant-in -evaluating whether the defendant engaged in possession with the intent to distribute, it is not the determinative factor statutorily. Ultimately, it is the intent to distribute that-must be proved regardless of the amount of drugs possessed. The court of appeal also found the jury could not reasonably reject the hypothesis that the drugs were possessed by a guest in the home rather than by defendant. However, the guest testified at trial that the drugs belonged to defendant. The Jackson standard “does not require the reviewing court to determine whether it believes the witnesses or whether it believes the evidence establishes guilt beyond a reasonable doubt.” State v. Major, 03-3522, pp. 6-7 (La.12/1/04), 888 So.2d 798, 802. “Rather, the fact finder is given much discretion in determinations of credibility and- evidence, and the reviewing court will only impinge on this discretion to the extent necessary to guarantee the fundamental protection of due process of law.” Id. In accepting hypotheses of innocence that were not unreasonably rejected by the jury, the court of appeal impinged on the fact finder’s discretion.
*589 Although a jury may not speculate “if the evidence is.such that reasonable jurors must have, a reasonable doubt,’" State v. Lubrano, 563 So.2d 847, 850 (La.1990) (internal quotation marks and citations omitted), the. state presented ample evidence here from which the jury could reasonably infer defendant’s intent to distribute the cocaine. First and foremost, defendant admitted he sold crack cocaine in small quantities ‘(like I ¿the crack rocks found in his residence). Defendant’s contention that the grammar of his admission should be finely parsed, and that ho admitted only to a completed action in the past rather than an ongoing course of conduct ignores the reality of spoken communication. Furthermore, defendant, who told police he was unemployed, had $705 in his pocket and an additional $580 was found in a bedroom. In addition, an expert testified that the following are indicia of drug distribution that were found in the residence: the presence of small plastic bags of a characteristic brand, an empty box for a small digital scale, a substantial amount of money in small denomination bills that were crumpled and wadded, and two small crack rocks that were cut for resale from a larger quantity. The expert was accepted as such without objection-and his testimony was unrebutted.
It is true that in the present ease some of the evidence is susceptible of innocent explanation, particularly when viewed in isolation. However, under the Jaekmm standard, if rational triers of fact could disagree as to the interpretation of evidence, the rational fact finder’s view of all of the evidence most favorable to the prosecution must be adopted. See Major, 03-3522 at p. 11, 888 So.2d at 804 (citing State v. Mussall, 523 So.2d 1305, 1310-11 (La.1988)). Based , on the evidence presented at trial as a whole, reasonable fact finders could infer that the defendant possessed the cocaine with the intent to distribute, thus rejecting the hypothesis of innocence that the drugs were intended for personal use. Accordingly, the court of appeal’s decision is reversed and the matter, is remanded to the court of appeal for consideration of .the remaining, assignments, of error. ■
JOHNSON,. Chief Justice, dissents and assigns reasons.
HUGHES, Justice, dissents with ■ • reasons.