NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 17-383

STATE OF LOUISIANA

VERSUS

GREGORY HAMPTON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-2016-0029
HONORABLE JOEL GERARD DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

CANDYCE G. PERRET
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and
Candyce G. Perret, Judges.


AMENDED, AND AS AMENDED, AFFIRMED.

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT APPELLANT:**
     **Gregory Hampton**

**Herbert Todd Nesom**
**District Attorney, 33rd JDC**
**Joe Green**
**Assistant District Attorney, 33rd Judicial District Court**
**Steven Sumbler**
**Assistant District Attorney, 33rd Judicial District Court**
**P. O. Box 839**
**Oberlin, LA 70655**
**(337) 639-2641**
**COUNSEL FOR PLAINTIFF APPELLEE:**
     **State of Louisiana**

**PERRET, Judge.**

Defendant Gregory Hampton was convicted of aggravated second degree battery, in violation of La.R.S. 14:34.7, and second degree kidnapping, in violation of La.R.S. 14:44.1(A)(2). For the charge of aggravated second degree battery, Defendant was sentenced to ten years at hard labor, the first year to be served without benefit of parole, probation, or suspension of sentence. For the charge of second degree kidnapping, the trial court sentenced Defendant to twenty-five years at hard labor, the first two years to be served without benefit of parole, probation, or suspension of sentence. The sentences will run concurrently with credit for time served.

Defendant seeks review of his convictions by this court alleging insufficient evidence and double jeopardy. Defendant also contends the sentence for aggravated second degree battery with one year to be served without benefit of parole, probation, or suspension of sentence was improper. For the reasons that follow, we affirm Defendant's conviction, but modify his sentence for aggravated second degree battery to remove the requirement that one year be served without benefit of parole, probation, or suspension of sentence.

## ISSUES FOR REVIEW

This court must decide:

1. whether the evidence introduced at trial, when viewed under the *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979) standard, was insufficient to prove, beyond a reasonable doubt, that Gregory Hampton committed aggravated second degree battery and second degree kidnapping of Caroline Strahan;

2. whether Gregory Hampton's convictions for both second degree kidnapping and aggravated second degree battery are in violation of the Fifth

Amendment's prohibition against double jeopardy; and

3. whether the trial court committed error by ordering one year of the aggravated second degree battery sentence to be served without benefit of probation, parole, or suspension of sentence.

## FACTS AND PROCEDURAL HISTORY

Defendant was charged with the November 6, 2015 aggravated second degree battery and second degree kidnapping of Caroline Strahan. The State presented the details of the crimes to the jury through Ms. Strahan's testimony, as well as various witnesses including an eyewitness, the detectives involved in the investigation, and Ms. Strahan's medical examiners.

On November 6, 2015, Ms. Strahan was at her cousin's house visiting when Defendant came to the house.[1] Ms. Strahan testified Defendant was returning her phone. Ms. Strahan further testified that she got into Defendant's truck to retrieve her phone, leaving one leg out of the door when Defendant sped off and the truck door slammed shut.

On the contrary, Defendant testified that Ms. Strahan contacted him asking for a ride from her cousin's house, and that Defendant drove Ms. Strahan to a location where she purchased crack.

Aside from the differing testimonies regarding how Ms. Strahan came to be in the vehicle, both the Defendant and the victim testified that while in the car, Defendant began hitting Ms. Strahan, first with his hands, then with a cane. Defendant admitted to hitting Ms. Strahan with the cane while in the vehicle. Ms.

---

[1] Previously that day, Ms. Strahan sought a restraining order against Defendant, but the order was not served on Defendant before this incident.

Strahan further testified Defendant hit her with a pistol. Defendant denies he had a gun.

Ms. Strahan testified they stopped at a graveyard, where she got out of the truck. Defendant continued to hit her, and at some point, hit her with a pistol again. Ms. Strahan got back in the truck because she felt she "had no choice but to get back in" because "he just kept hitting [her] and [she] just didn't have a choice."

Defendant and Ms. Strahan continued to Green Oak Road. At this point, Ms. Strahan decided to jump out of the moving truck. Defendant stopped and tried, unsuccessfully, to get Ms. Strahan back into the truck. Ms. Strahan believes she lost consciousness at some point. Around this time, Kyle Touchet, a passerby, saw Defendant hitting Ms. Strahan on the side of the road. Mr. Touchet decided to stop and intervene. Ms. Strahan recalls Mr. Touchet arriving and telling Defendant to leave her alone, but then she passed out immediately after. Mr. Touchet punched Defendant in the head and returned to his vehicle to copy Defendant's license plate.[2] Mr. Touchet watched Defendant make one last attempt to drag Ms. Strahan back into his truck. However, when Defendant caught a glimpse of police lights, he took off, leaving Ms. Strahan behind.

Ms. Strahan was taken to the emergency room and treated for a subarachnoid hemorrhage, and nose and rib fractures. The responding paramedic recalled Ms. Strahan's head was bleeding, and her nose was deformed with swelling. The paramedic "suspected a possible loss of consciousness" because of her low Glasgow Coma Score. Ms. Strahan also had road rash on both legs. Her treating physician, Dr. Celeste Lujan, testified to Ms. Strahan's injuries. Dr. Lujan

---

[2] Mr. Touchet's daughter was with him in his vehicle. Mr. Touchet moved his car so his daughter could see Defendant's license plate and copy it down.

specifically noted the victim "had a lot of swelling to her head, to her face . . ." and "[a] lot of swelling, no lacerations or anything like that" on her head."

Meanwhile, after fleeing the scene, Defendant contacted his niece, Eva Horne. Ms. Horne testified at trial. Defendant told Ms. Horne he beat Ms. Strahan and needed a ride. Defendant was eventually dropped off at Paul Lavan's motel room. Mr. Lavan also testified at trial. Defendant told Mr. Lavan he beat Ms. Strahan in his truck and that he had a pistol. Defendant told Mr. Lavan he had left Ms. Strahan for dead after she jumped from the truck. Mr. Lavan drove Defendant to his truck, which Defendant had left in a parking lot. Defendant was eventually apprehended running between Speedway Motors and an American Inn. Defendant's truck was found, identified by its license plate, with blood inside the cab. A cane and bat were found inside Defendant's truck. No gun was retrieved from the Defendant, his truck, or his residence.

The jury found Defendant guilty as charged.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by the court for errors patent on the face of the record. After reviewing the record, we find there is one error patent, which was also asserted by Appellant on appeal. The trial court sentenced Appellant to ten years at hard labor, the first year to be served without benefit of parole, probation, or suspension of sentence for aggravated second degree battery. However, La.R.S. 14:34.7(C) does not permit the trial court to require the first year of this sentence be served without benefit of parole, probation, or suspension of sentence.

At the time Defendant committed this offense, La.R.S. 14:34.7(C) (emphasis added) provided the following sentence:

> Whoever commits the crime of aggravated second degree battery shall be fined not more than ten thousand dollars or imprisoned, with or without hard labor, for not more than fifteen years, or both. At least one year of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence *if the offender knew or should have known that the victim is an active member of the United States Armed Forces or is a disabled veteran and the aggravated second degree battery was committed because of that status.*

There was no evidence that Ms. Strahan was an active service member or disabled veteran, or that Defendant committed the battery because of that status.

The trial court, therefore, erred in this provision of Defendant's sentence. Accordingly, the trial court's sentencing should be modified. "An appellate court may correct an illegal sentence pursuant to La.Code Crim.P. art. 882.*" State v. Soileau*, 13-772, p. 2 (La.App. 3 Cir. 2/12/14), 153 So.3d 1008, 1010, *writ denied*, 14-0452 (La. 9/26/14), 149 So.3d 261. Because correcting Defendant's sentence in this case does not require sentencing discretion, we will correct it on appeal. *Id.*; *see also State v. Jacobs*, 08-702 (La.App. 3 Cir. 2/4/09), 2 So.3d 1289. Defendant's sentence, as it pertains to requiring one year of Defendant's aggravated second degree battery sentence be served without benefit of parole, probation, or suspension, is hereby set aside.

## LAW AND DISCUSSION

When a defendant raises issues on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court must first resolve the sufficiency issue. *State v. Hearold*, 603 So.2d 731 (La.1992). Therefore, we will first address Defendant's sufficiency arguments.

*Sufficiency of Evidence*

Defendant asserts the evidence at trial was insufficient to prove that he committed aggravated second degree battery and second degree kidnapping of Ms. Strahan beyond a reasonable doubt.

An insufficient evidence claim is reviewed on appeal under the standard set forth by *Jackson*, 443 U.S. 307. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Ellis*, 179 So.3d at 588 (quoting *Jackson*, 443 U.S. at 319).

It is the fact finder's responsibility to weigh the witnesses' credibility. Thus, other than insuring the sufficiency evaluation standard of *Jackson*, "the appellate court should not second-guess the credibility determination of the trier of fact," but defer to the credibility and evidentiary determinations of the jury. *State v. Lambert*, 97-64, p. 5 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, 727.

When applying the *Jackson* standard, the Louisiana Supreme Court "has found that '[w]hen a case involves circumstantial evidence, and the jury reasonably rejects the hypothesis of innocence presented by [defendant], that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt.'" *Ellis*, 179 So.3d at 588 (quoting *State v. Captville,* 448 So.2d 676, 680 (La.1984)).

*Aggravated Second Degree Battery*

Defendant challenges the sufficiency of evidence presented to convict him of aggravated second degree battery. First, a battery is "the intentional use of force or violence upon the person of another . . . ." La.R.S. 14:33. Second, the

6

requirements to be convicted of aggravated second degree battery applicable in this case are:

> A. Aggravated second degree battery is a battery committed with a dangerous weapon when the offender intentionally inflicts serious bodily injury.
>
> B. For purposes of this Section, the following words shall have the following meanings:
>
> . . . .
>
> (3) "Serious bodily injury" means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.

La.R.S. 14:34.7.

Defendant admits he intentionally used force or violence upon Ms. Strahan using a cane: "The only thing that I had was a cane and that's what I was hitting her with. I hit her with that cane . . . . If I would have found a pipe or anything, I probably would have killed the girl." Defendant stated he hit Ms. Strahan "[o]n the face, the head, everywhere . . . ."

Additionally, Ms. Strahan testified Defendant hit her with a pistol. Testimony from Mr. Lavan, whom Defendant spoke to before Defendant was apprehended, corroborated Ms. Strahan's testimony that Defendant was in possession of a gun at the time of the offense. Defendant, therefore, admitted to aggravated battery, i.e. a battery committed with a dangerous weapon in violation of La.R.S. 14:34.

In order to increase the crime to the second degree, Defendant must have caused "serious bodily injury," defined as "unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the

7

function of a bodily member, organ, or mental faculty, or a substantial risk of death." La.R.S. 14:34.7(A) and (B)(3).

Defendant only challenges whether the State presented sufficient evidence to satisfy the "substantial bodily injury" element of this offense. Defendant asserts there was insufficient evidence presented to prove, beyond a reasonable doubt, that Ms. Strahan's subarachnoid hemorrhage and/or loss of consciousness was caused by Defendant and not by Ms. Strahan jumping from a moving vehicle.

In this incident, the State offered testimony that Ms. Strahan suffered a subarachnoid hemorrhage. Defendant admitted he continuously hit Ms. Strahan with a cane in the head. Ms. Strahan's diagnosis included an inter-cranial hemorrhage. Ms. Strahan's treating physicians, Dr. Marshall Naquin and Dr. Lujan, testified a subarachnoid hemorrhage can be a substantial risk of death for the injured person. Dr. Lujan testified the Ms. Strahan's injuries, mostly on the left side, could have been from being beaten inside the car or from falling. Because the subarachnoid hemorrhage was a possible life-threatening condition, Ms. Strahan was transferred to Lafayette General Hospital.

Dr. Naquin and Dr. Michael Horaist treated Ms. Strahan at Lafayette General Hospital. Dr. Naquin testified Ms. Strahan's injuries were consistent with the trauma she described—being hit in the head with a gun or possibly a cane. Dr. Horaist further testified Ms. Strahan's head injury was consistent with falling from a moving vehicle or being hit with a pistol. Dr. Naquin confirmed Dr. Lujan's testimony—a subarachnoid hemorrhage can be a substantial risk of death.

Louisiana Revised Statutes 14:34.7(B)(3) also defines "serious bodily injury" as a loss of consciousness. Ms. Strahan testified she lost consciousness on Green Oak Road. The responding paramedic recalled Ms. Strahan crying and

8

making incoherent sounds. Her head was bleeding and nose deformed with swelling. The paramedic "suspected a possible loss of consciousness" because of her low Glasgow Coma Score. Both Dr. Naquin and Dr. Horaist agreed it was possible Ms. Strahan lost consciousness prior to arrival at the emergency room.

Finally, "serious bodily injury" also includes "extreme physical pain or protracted and obvious disfigurement." La.R.S. 14:34.7. All those who rendered medical aid to Ms. Strahan testified she complained of a severe headache and facial pain, and noticed her nose and face were deformed from swelling. The responding paramedic testified Ms. Strahan was crying when he arrived, in pain all over, specifically her head, and her nose was bleeding and swelling. He recounted:

> Starting with the head she had pain, swelling to the left cheek, tongue and top lip, bleeding from the tongue and nose, swelling and a smashed deformity to the nose. Pain to the neck, tender. Also, pain to the chest, tender to both sides around the rib area. Then on to the abdomen, she had pain, it was tender to palpation. Pelvis was tender, and she had noted pain.

The paramedic only noted road rash on her legs and feet. Based on her injuries and pulse he suspected Ms. Strahan could have been in shock. Dr. Lujan recalled Ms. Strahan labeled her pain ten out of ten. Ms. Strahan's nose was also deformed, smashed, and fractured. Ms. Strahan's care providers testified her injuries were consistent with being hit in the head with a gun or possibly a cane.

Considering the evidence introduced at trial and when viewing the evidence in the light most favorable to the State, we find the evidence was sufficient for a rational factfinder to find that the element of "serious bodily injury" was proven beyond a reasonable doubt.

*Second Degree Kidnapping*

Louisiana Revised Statutes 14:44.1 enumerates the requirements for second degree kidnapping. Those pertinent parts are:

> A. Second degree kidnapping is the doing of any of the acts listed in Subsection B wherein the victim is:
>
> . . . .
>
> (3) Physically injured or sexually abused; [or]
>
> . . . .
>
> (5) Imprisoned or kidnapped when the offender is armed with a dangerous weapon or leads the victim to reasonably believe he is armed with a dangerous weapon.
>
> B. For purposes of this Section, kidnapping is:
>
> (1) The forcible seizing and carrying of any person from one place to another; or
>
> (2) The enticing or persuading of any person to go from one place to another; or
>
> (3) The imprisoning or forcible secreting of any person.

La.R.S. 14:44.1.

Defendant argues the State did not prove he moved Ms. Strahan from one place to another. While we disagree, actual movement from one place to another is not a required element of the offense. *State v. Woodberry*, 14-476 (La.App. 4 Cir. 6/3/15), 171 So.3d 1082, *writ denied*, 15-1245 (La. 6/17/16), 192 So.3d 770. The State need only prove Ms. Strahan was imprisoned or secreted and physically injured. *Id*. The statute does not require that the imprisonment exist for any minimum period of time. *Id*. Instead, the State only had to prove one act mentioned in Subsection (B) combined with any one act in Subsection (A).

Ms. Strahan admitted she entered Defendant's truck voluntarily to retrieve her phone. However, Ms. Strahan testified she did not anticipate Defendant would drive away with her in the vehicle. According to the trial testimony, after driving away, Defendant began hitting Ms. Strahan with his hands, a cane, and a gun. Ms. Strahan entered Defendant's truck a second time at the graveyard. After getting out of the truck, Defendant continued to beat Ms. Strahan and she believed Defendant had a gun. Ms. Strahan returned to the vehicle because she felt she had no choice. After driving some distance to Green Oak Road, Ms. Strahan leapt from Defendant's moving vehicle to escape.

Viewing the evidence in the light most favorable to the prosecution, we affirm the conviction for second degree kidnapping. Ms. Strahan testified she did not voluntarily leave with Defendant. Ms. Strahan's testimony is supported by her decision to jump from a moving vehicle in order to escape Defendant. Additionally, Ms. Strahan suffered physical injuries from the kidnapping. Accordingly, we find there was sufficient evidence to prove that Defendant committed aggravated second degree battery and second degree kidnapping and we now address Defendant's second argument.

### Double Jeopardy

Defendant also contends that his convictions for aggravated second degree battery and second degree kidnapping violated his protection against double jeopardy. According to Defendant, the evidence admitted at trial suggests he was subjected to multiple punishments for the same course of conduct.

It is unconstitutional to place a person twice in jeopardy of life or limb for the same offense. *State v. Steele*, 387 So.2d 1175 (La.1980). "The guarantee against double jeopardy provides three central constitutional protections" one of

which is "protection against multiple punishments for the same offense." *State v. Brown*, 42,188, 42,189, 42,190, p. 38 (La.App. 2 Cir. 9/26/07), 966 So.2d 727, 755. We must determine whether a single or multiple offenses were involved.

The Louisiana Supreme Court has very recently announced that Louisiana courts "are bound only to apply the standard established by the U.S. Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180 (1932) to protect against double jeopardy[.]" *State v. Frank*, 16-1160 (La. 10/18/17), -- So.3d --. Under the *Blockburger* test, "there is no double jeopardy . . . where each provision requires proof of an additional distinct element that the other does not." *State v. Cooley*, 11-959, p. 12 (La.App. 3 Cir. 4/4/12), 87 So.3d 285, 295, *writ denied*, 12-1008 (La. 10/26/12), 99 So.3d 640. In other words, "a defendant can be convicted of two offenses arising out of the same criminal incident if each crime contains an element not found in the other." *Frank*, -- So.3d --, (*citing State v. Balentine*, 47,858, p. 2 (La.App. 2 Cir. 7/10/13), 119 So.3d 979, 985 (Drew, J., dissenting)).

Applying the *Blockburger* test to the facts of this case, both offenses for which Defendant was convicted require proof of an element not included in the other. Defendant, here, was convicted of aggravated second degree battery, which includes the intent to inflict serious bodily injury, and second degree kidnapping, which includes the imprisoning or forcible secreting of a person. La.R.S. 14:34.7 and 14:44.1. Clearly, each of these crimes contains an element not included in the other, and the element unique to each crime requires proof of facts which the other crime does not.

Accordingly, convictions for aggravated second degree battery and second degree kidnapping do not constitute double jeopardy under *Blockburger*. We find this assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, we find the evidence was sufficient to find Gregory Hampton guilty of aggravated second degree battery and second degree kidnapping. The convictions do not constitute double jeopardy under the facts of this case, and that assignment is without merit. However, the sentence of aggravated second degree battery does not provide one year be served without benefit of parole, probation, or suspension under the facts of this case. Therefore, we modify Defendant Gregory Hampton's sentence as it pertains to the aggravated second degree battery to remove the requirement that one year be served without benefit of parole, probation, or suspension.

**AMENDED, AND AS AMENDED, AFFIRMED.** THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.