**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

19-673

STATE OF LOUISIANA

VERSUS

JAHNURAL OSHAY DURHAM

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 18-413
HONORABLE LORI LANDRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JONATHAN W. PERRY
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Van H. Kyzar, and Jonathan W. Perry, Judges.

CONVICTION AND SENTENCE AFFIRMED AS AMENDED. REMANDED WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED.

**M. Bofill Duhe**
**District Attorney**
**16th Judicial District Court**
**300 Iberia Street, Ste. #200**
**New Iberia, LA 70560**
**(337) 369-4420**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**


**Chad M. Ikerd**
**Louisiana Appellate Project**
**P. O. Box 2125**
**Lafayette, LA 70502**
**(225) 806-2930**
**COUNSEL FOR APPELLANT:**
    **Jahnural Oshay Durham**

**PERRY, Judge.**

In this criminal case, Defendant, Jahnural Oshay Durham, appeals his sentence for aggravated second degree battery. Appellate counsel has now filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967),[1] alleging no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's counsel. After thoroughly reviewing the record, we affirm Defendant's conviction and sentence, and grant appellate counsel's request to withdraw as Defendant's counsel.

## FACTS AND PROCEDURAL HISTORY

The State submitted these factual bases for Defendant's guilty plea:

ON OR ABOUT JANUARY 23RD, OF 2018, THE DEFENDANT SHOT JAVIEL WILSON. HE SUSTAINED A SHATTERED LEG AND INJURIES TO HIS ABDOMEN.

. . . .

ON OR ABOUT JANUARY 31ST OF 2018, DEPUTIES WERE ARRESTING THE DEFENDANT ON WARRANTS, AND HE HAD ON HIM TWO FIREARMS; ONE A NINE MILLIMETER AND ONE A 40 CALIBER. HE HAS A PREVIOUS CONVICTION FOR FIRST-DEGREE ROBBERY IN IBERIA PARISH DOCKET NUMBER 13-0785. THAT WAS – HE PLEAD GUILTY ON OCTOBER 9TH OF 2014.

On April 4, 2018, the State originally charged Defendant in docket number 18-413 with attempted second degree murder, a violation of La.R.S. 14:27 and 14:30.1. Defendant originally entered a plea of not guilty to those charges. Almost a year later, on February 15, 2019, the State amended the bill of information by

---

[1] "The decision in *Anders*,[386 U.S. 738] *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) and *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988), entitle indigent defendants to the same kind of honest and detailed evaluation of their records that a paying client may receive from an attorney hired to advise on the basis of a review of the record whether that client should commit additional time and money to an appeal." *State v. Mouton*, 95-0981 (La. 4/28/95), 653 So.2d 1176, 1178 (Calogero, Chief Justice, concurring).

adding two counts of possession of a firearm or carrying a concealed weapon by a convicted felon, violations of La.R.S. 14:95.1, and one count of obstruction of justice by tampering with evidence, a violation of La.R.S. 14:130.1(A)(1). The State filed a second amendment to the bill of information on March 26, 2019, that changed some of the wording and the order of the charges set out in the earlier amendment but did not change the substance of the charges.

Then, on March 26, 2019, the State amended charges in the district court's docket number 18-414.[2] The amendment charged Defendant with possession of a firearm or carrying a concealed weapon by a convicted felon, a violation of La.R.S. 14:95.1; obstruction of justice by tampering with evidence, a violation of La.R.S. 14:130.1; illegal possession of stolen firearms, a violation of La.R.S. 14:69.1; and resisting an officer by flight, a violation of La.R.S. 14:108(B)(1)(a).

Thereafter, on March 29, 2019, Defendant pled guilty to aggravated second degree battery, a violation of La.R.S. 14:34.7, in docket number 18-413, and to felony possession of a firearm, a violation of La.R.S. 14:95.1, in docket number 18-414. As part of the plea agreement, the State agreed not to charge Defendant as a habitual offender, and the parties agreed the plea was subject to a sentencing cap of twelve years. The State indicated at the sentencing hearing that it "WOULD LIKE TO DISMISS THE ANCILLARY CHARGES" in both docket numbers.

Accordingly, on May 6, 2019, the trial court sentenced Defendant to twelve years at hard labor for aggravated second degree battery plus a fine of $250 and to eight years for felony possession of a firearm plus a fine of $1,000, with the sentences to run concurrently, and with credit for time served. Defendant filed a

---

[2] The original bill of information in the district court's docket number 18-414 is not in the record.

2

motion to reconsider his sentence for aggravated second degree battery on May 16, 2019, and the trial court denied it on May 28, 2019. Defendant filed a notice of appeal regarding only his sentence for aggravated second degree battery in docket number 18-413.[3]

## ERRORS PATENT REVIEW

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, this court finds there are two errors patent, one of which involves the trial court's advice as to the prescriptive period for filing post-conviction relief. Because Defendant's appellate counsel addresses this issue in his *Anders* review, this court will likewise address the issue in its *Anders* discussion. The other error patent involves the sentence imposed for aggravated second degree battery and will be discussed below. Finally, as discussed below, we find the minutes of sentencing require correction.

We find the trial court erroneously imposed the sentence for aggravated second degree battery without benefit of parole, which renders the sentence illegally excessive. At sentencing, the trial court stated the following:

> SO I TAKE ALL THOSE THINGS INTO CONSIDERATION. I TAKE INTO CONSIDERATION THAT THE POSSESSION OF A FIREARM BY A FELON -- AND BOTH OF THEM ARE WITHOUT THE BENEFT OF PROBATION, PAROLE, OR SUSPENSION OF SENTENCE. SO YOU'RE GOING TO SERVE IF NOT THE WHOLE TIME -- BECAUSE I DON'T KNOW HOW THEY DO GOOD TIME OR WHATEVER. I DON'T TELL ANYBODY ABOUT THAT, BUT IF YOU DON'T SERVE ANYMORE THAN THE SENTENCE I GIVE YOU, THEN YOUR SENTENCE IS FINE WITH ME. I DON'T KNOW WHEN THEY DETERMINE GOOD TIME AND ALL - - I DON'T, AND I DON'T TRY TO FIGURE IT OUT. BUT I KNOW BY STATUTE THE FELON IN POSSESSION OF A FIREARM READS THAT WAY; NOT LESS THAN FIVE NO MORE THAN 20 WITHOUT THE BENEFIT OF PROBATION, PAROLE, OR SUSPENSION OF SENTENCE.

---

[3] Appellate Counsel's brief notes Defendant appealed "THE SENTENCE FOR THE BATTERY CHARGE, BUT NOT THE GUN CHARGE."

AND SO KNOWING THOSE THINGS, SIR, IT'S THE SENTENCE OF THIS COURT THAT IN DOCKET NUMBER 18-0414, FELON IN POSSESSION OF A FIREARM, IT'S THE SENTENCE OF THIS COURT THAT YOU SERVE EIGHT YEARS HARD LABOR, CREDIT FOR TIME SERVED AWAITING DISPOSITION OF THIS MATTER FROM THE DATE YOU WERE ARRESTED INITIALLY TO THE DATE THAT YOU BONDED OUT POST-CONVICTION AND PRIOR TO SENTENCING AND THEN YOUR TIME STARTS TO RUN AGAIN THE DAY YOU WERE ARRESTED.

. . . .

AND ON THE CHARGE UNDER DOCKET NUMBER 18-0413 FOR AGGRAVATED SECOND-DEGREE BATTERY, TWELVE YEARS HARD LABOR, AND BY OUR AGREEMENT, THESE HE SENSIBLE [SIC] RUN CONCURRENTLY WITH EACH OTHER. IN THAT CASE, YOU'RE TO RECEIVE CREDIT FOR TIME SERVED AWAITING DISPOSITION IN THIS MATTER FROM THE DATE YOU WERE ARRESTED UNTIL THE DATE YOU BONDED OUT AND THEN AGAIN ON APRIL 23RD.

BOTH OF THESE SENTENCES, SIR, I'M GOING TO SET A FINE. FOR THE POSSESSION OF A FIREARM, IT SAYS I HAVE TO SET A FINE NOT LESS THAN $1000, SO I SET A FINE OF $1000. AGGRAVATED SECOND-DEGREE BATTERY I SET A FINE OF $250. AND I RECOMMEND THAT YOU PAY THOSE THINGS AS A CONDITION OF PAROLE. I ALSO RECOMMEND YOU FOR ANY PROGRAM. I RECOMMEND THAT YOU FURTHER YOUR EDUCATION AND AT LEAST GET YOU[R] HISET AND ANY OTHER CERTIFICATE THAT YOU CAN GET THAT WILL MAKE YOU READY FOR WORK IN THE ECONOMY. WHATEVER PROGRAM THAT THEY HAVE IN THE DEPARTMENT OF CORRECTIONS, BUT AT THE BARE MINIMUM GET YOUR HISET. YOU HAVE ENOUGH TIME TO GET SEVERAL CERTIFICATES THAT WILL MAKE YOU WORK-READY, AND AS FAR AS HAVING EXPERIENCE, YOU CAN GET THAT THERE AS WELL.

When the trial court initially stated that "both of them" were to be served without benefit of probation, parole, or suspension of sentence, it appears it intended to order both sentences served without benefits. Consistent with this conclusion, the Uniform Sentencing Commitment Order, which the trial court signed, indicates the twelve-year sentence for aggravated second degree battery is served without

4

benefits. When the trial court subsequently pronounced the sentences, however, it made no mention of the denial of benefits. In fact, the trial court recommended that the fines be paid as a condition of parole, a recommendation that would be inconsistent with a denial of benefits. Likewise, the minutes make no mention of the trial court's denial of benefits.[4]

Considering the above, it is unclear whether the trial judge imposed the sentence for aggravated second degree battery without benefit of parole. Although such uncertainty would normally require remand for the imposition of a determinate sentence, we find this would lead to confusion since the trial court was not authorized to deny parole eligibility for aggravated second degree battery, the only conviction and sentence currently before this court.[5] Louisiana Revised Statutes 14:34.7(c), the applicable penalty provision, states:

> Whoever commits the crime of aggravated second degree battery shall be fined not more than ten thousand dollars or imprisoned, with or without hard labor, for not more than fifteen years, or both. At least one year of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence if the offender knew or should have known that the victim is an active member of the United States Armed Forces or is a disabled veteran and the aggravated second degree battery was committed because of that status.

The trial court specifically stated the victim was not an active service person and the record is void of any evidence that the victim was a disabled veteran, or that Defendant committed the battery because of that status. Thus, the trial court was not authorized to impose any of the sentence for aggravated second degree battery

---

[4]As will be discussed, the minutes incorrectly state the trial court imposed the fines as conditions of parole. According to the transcript, the trial court *recommended* the fines be paid as a condition of parole.

[5]Although Defendant has not appealed his conviction and sentence for possession of a firearm by a convicted felon, we note the trial court was required to impose that sentence without benefits. La.R.S. 14:95.1(B).

without benefits.[6] *See State v. Hampton,* 17-383 (La.App. 3 Cir. 11/15/17), 259 So.3d 1125. Accordingly, we amend the agravated second degree battery sentence to delete the denial of parole eligibility, instruct the district court to make an entry in the minutes reflecting this change, and instruct the district court to amend the Uniform Sentencing Commitment Order to reflect this change. *State v. Batiste*, 09-521 (La.App. 3 Cir. 12/9/09), 25 So.3d 981 and *State v. Dupree*, 07-98 (La.App. 3 Cir. 5/30/07), 957 So.2d 966.

Next, the court minutes reflect that the trial court ordered the fines paid as a condition of parole. As stated previously, however, the sentencing transcript indicates the trial court *recommended* the fines be paid as a condition of parole. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Accordingly, we order the sentencing minutes be corrected to accurately reflect the trial court's *recommendation* that the fines be paid as a condition of parole.

## *ANDERS* ANALYSIS

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the analysis based on *Anders*, 386 U.S. 738:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf.[7] This court's review of the record will consist of (1) a review

---

[6]After stating the penalty range for aggravated second degree battery, the trial court stated, "THE MANDATORY MINIMUM OF ONE DOESN'T APPLY BECAUSE IT WAS NOT AN ACTIVE SERVICE PERSON AS I UNDERSTAND IT."

[7] This court notified Defendant and advised him of his appellate counsel's filing of an *Anders* brief. We also advised him of his right to file his own brief, raising issues as he saw fit.

6

of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Later, the Louisiana Supreme Court approved the fourth circuit's analysis in *Mouton*, 653 So.2d 1176.

Pursuant to *Anders*, 386 U.S. 738, and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241, Defendant's appellate counsel filed a brief in which he considered Defendant's ability to appeal his sentence. Counsel noted Defendant pled guilty and was sentenced in accordance with his plea agreement. Thus, he contends it is not subject to review on appeal. More particularly, appellate counsel points out that the plea agreement shows Defendant and the State agreed to a sentencing cap that was reflected in the sentence the trial court ultimately imposed. In his colloquy with the trial court, Defendant indicated he heard and understood the recommended sentences.

Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This applies "to plea agreements involving both specific sentences and sentencing caps." *State v. Young*, 96-195, p. 5 (La. 10/15/96), 680 So.2d 1171, 1174. This court has held, based on La.Code Crim.P. art. 881.2(A)(2), "[i]n an instance where the court

_____

Appellate counsel further certified to us that he sent Defendant a copy of the brief he filed on Defendant's behalf on October 11, 2019. Defendant, as of this date, has chosen not to file a brief on his own.

sentences the defendant in accordance with the parties' recommendation for a specific sentence or a sentencing range, it is clear that review of the imposed sentence is precluded." *State v. Jordan*, 98-101, p. 4 (La.App. 3 Cir. 6/3/98), 716 So.2d 36, 38. Thus, a defendant may not seek review of his sentence "'when a *specific* sentence or sentencing range is agreed to by both parties as part of a plea agreement, and is judicially recognized at the sentencing hearing.'" *Id.* at 39, *quoting State v. Goodman*, 96-376 (La.App. 3 Cir. 11/6/96), 684 So.2d 58, 61.

Here, Defendant and the State agreed to a sentencing cap of twelve years, and the trial court imposed that sentence. Defense counsel correctly concluded Defendant cannot make a non-frivolous argument on appeal alleging an excessive sentence.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instruments, and the transcripts and have confirmed the appellate counsel's statements. Defendant was present and represented by counsel at all crucial stages of the proceedings, and he acknowledged his guilty plea on the plea form. The trial court correctly informed Defendant of his *Boykin* rights and discussed his possible sentence for aggravated second degree battery.

Our review of the record reveals no issues that would support an assignment of error on appeal beyond the potential issue addressed by counsel.

## ASSIGNMENT OF ERROR NO. 1

Although Defendant's counsel contends his review of the record shows no non-frivolous issues for appeal, he also asks this court to review the record for errors patent, which we have done. He then asks this court to reverse Defendant's conviction and sentence should we find one based on that error patent review.

8

However, counsel suggests no errors patent to warrant such a reversal. Counsel nevertheless identifies an error patent that requires proper notification to Defendant.

The trial court erroneously advised Defendant of the time period for filing post-conviction relief. According to La.Code Crim.P. art. 930.8, the two-year prescriptive period for filing post-conviction relief begins to run *after the conviction and sentence become final* under the provisions of La.Code Crim.P. arts. 914 or 922.

Court minutes indicate Defendant was advised "he has two (2) years from the date judgment becomes final to file for Post-Conviction Relief." The transcript of the sentencing hearing, however, states Defendant "HAS TWO YEARS IN BOTH SENTENCES TO TAKE ADVANTAGE OF YOUR POSTCONVICTION RELIEF RIGHTS . . . ." Thus, the minutes and the transcript are inconsistent.

"[W]hen the minutes and the transcript conflict, the transcript prevails." *Wommack*, 770 So.2d at 369. Accordingly, the transcript shows Defendant was inadequately advised of his rights regarding post-conviction relief because the trial court did not advise him of when the prescriptive period begins to run.

We direct the trial court to inform Defendant of the correct provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof in the record of the proceedings that Defendant received the notice. *State v. Barconey*, 17-871 (La.App. 3 Cir. 3/7/18), 241 So.3d 1046.

## CONCLUSION

We amend Defendant's sentence to delete the denial of parole eligibility as to the conviction for the offense of aggravated second degree battery, instruct the trial court to make an entry in the minutes reflecting this change, and instruct the trial court to amend the Uniform Sentencing Commitment Order to reflect this change.

Additionally, we direct the trial court to correct the sentencing minutes to accurately reflect the trial court's *recommendation* that the fines be paid as a condition of parole. Finally, we direct the trial court to inform Defendant of the correct provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof in the record of the proceedings that Defendant received the notice. Defendant's conviction and sentence are otherwise affirmed, and appellate counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED AS AMENDED. REMANDED WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED.**

**This opinion is NOT DESIGNATED FOR PUBLICATION.**
**Uniform Rules—Courts of Appeal, Rule 2–16.3.**